STATE BOARD OF HEALTH *vs.* JOSEPH N. ROY.

PROVIDENCE—MARCH 27, 1901.

PRESENT : Stiness C. J., Tillinghast and Rogers, JJ.

(1) *Practice of Medicine.*

A charge that a physician obtained a certificate from the State Board of
Health by the fraudulent use of a diploma issued to a different person
is a charge of "grossly unprofessional conduct of a character likely to
deceive or defraud the public" within the intent of Gen. Laws R. I. cap.
165, § 5.

(2) *Appeal.   Procedure.   Motions to Quash.*

A proceeding will not be quashed for errors where the statute provides an
appeal for their correction.

(3) *Constitutional Law.   Courts.   Practice of Medicine.*

Gen. Laws R. I. cap. 165, § 5, is not in conflict with article X, section 1, of
the constitution of Rhode Island, providing that "the judicial power of
this state shall be vested in one supreme court and in such inferior
courts as the general assembly may from time to time ordain and estab-
lish."   Without deciding whether the State Board of Health is a judicial
body or an administrative board, the act can be supported as a proper
exercise of the police power.

4)  " *Due Process of Law.*"

Gen. Laws R. I. cap. 165, § 5, is not unconstitutional as violating article I,
section 10, of the constitution of Rhode Island, that one shall not "be
deprived of life, liberty, or property, unless by the judgment of his peers,
or the law of the land ;" or article XIV, section 1, of the amendments of
the constitution of the United States, providing that "no state shall
deprive any person of life, liberty, or property without due process of
law."

(5)  *Trial by Jury.*

The cases provided for by the chapter are not of the class in which jury
trial is reserved by the constitution, as they have arisen since its adop-
tion.

(6)  *Practice of Medicine.*

*Semble,* that the *official* interest of the secretary of the State Board of
Health in complaints made by him to the board for violations of chap-
ter 165, is not such as to warrant quashing the proceedings on account
of his participation therein.

Of practice on appeals under the chapter.

APPEAL from the decision of the State Board of Health revoking the certificate of a physician under Gen. Laws R. I. cap. 165, § 5.    Heard on motion to quash proceedings on grounds stated in full in the opinion.    Motion denied.

(1)    ROGERS, J.    This is a proceeding under Gen. Laws R. I. cap. 165, § 5, to revoke a certificate to practice medicine that had been granted to the defendant under section 3 of said chapter.    The section referred to reads as follows :

"SEC. 5.    The state board of health may refuse to issue the certificate provided for in section three of this chapter to any individual guilty of grossly unprofessional conduct of a character likely to deceive or defraud the public, and it may after due notice and hearing revoke such certificates for like cause.    In all cases of refusal or revocation, the applicant may appeal to the appellate division of the supreme court, which may affirm or overrule the decision of the board."

One P. R. Nicol, M. D., presented a petition in writing to the State Board of Health for the revocation of the certificate to practice medicine that had previously been granted to the defendant, charging that said defendant had been guilty of grossly unprofessional conduct of a character likely to deceive or defraud the public, in this :  1.  The diploma from Laval University, presented to the said board by said defendant, was never issued to said defendant by said university, but was granted to one Joseph Napoleon Roy, an entirely different person.  2.  That said defendant was not possessed of a proper and sufficient education in the science of medicine to enable him to practice medicine with safety to the people of the State.  3.  That said defendant had been guilty of grossly unprofessional conduct in obtaining from said board of health a certificate to practice medicine in this State, which certificate was obtained by misrepresentation.  The State Board of Health ordered said defendant to be cited. to appear and answer the charges in said petition contained, and upon a hearing of the parties revoked the certificate as prayed,

whereupon the defendant duly appealed to the Appellate Division of this court, as provided for under said section 5.

Before proceeding to the trial of his appeal, however, the defendant interposed a motion to quash the proceedings on several grounds, the first being that said board had no jurisdiction to try defendant on said charge and the specifications thereof, for the reason that neither of the specifications amounts to grossly unprofessional conduct of a character likely to deceive and defraud the public. We do not think the defendant's motion should be granted upon this ground.

In *Dent* v. *West Virginia*, 129 U. S. 114, 122, the court says: "The power of the State to provide for the general welfare of its people authorizes it to prescribe all such regulations as, in its judgment, will secure or tend to secure them against the consequences of ignorance and incapacity as well as of deception and fraud. As one means to this end, it has been the practice of different states from time immemorial to exact in many pursuits a certain degree of skill and learning upon which the community may confidently rely, their possession being generally ascertained upon an examination of parties by competent persons, or inferred from a certificate to them in the form of a diploma or license from an institution established for instruction on the subject, scientific or otherwise, with which such pursuits have to do. . . . Few professions require more careful preparation by one who seeks to enter it than that of medicine. . . . The physician must be able to detect readily the presence of disease, and prescribe appropriate remedies for its removal. Everyone may have occasion to consult him, but comparatively few can judge of the qualifications of learning and skill which he possesses. Reliance must be placed upon the assurance given by his license, issued by an authority competent to judge in that respect, that he possesses the requisite qualifications."

If the defendant in the case at bar obtained his certificate to practice medicine by misrepresentation and fraud in palming off upon the State Board of Health a diploma issued by Laval University to another as one that was issued to him-

self, he is guilty of conduct likely to deceive and defraud the public by inducing the public to believe that he is lawfully entitled to practice medicine by reason of the possession of qualifications that would honestly entitle him to the certificate. That such conduct would be grossly unprofessional seems to us too plain to require argument. The contention that the gross unprofessional conduct must occur after the granting of the certificate to practice has no application here, for the deception and fraud that was initiated at the granting of the certificate was kept up and continued every time he practiced medicine in this State under the pretended authority of a fraudulently obtained certificate.

(2)    The second ground urged for quashing the proceedings is that said board never found the charges against the defendant, nor any of the specifications thereof, to be true, and without such finding said board had no authority to pass the vote and order revoking his certificate.

If it be true that the board found no charge against the defendant—an allegation that we are not prepared to admit—that would not justify quashing the proceedings, but would only afford a good reason for the defendant's taking an appeal, just as he has done. Mere errors in proceeding do not afford ground for overthrowing or annulling the whole proceeding so that an appeal provided to correct such errors cannot be prosecuted, as would be the case if these proceedings were quashed. See *Maryott* v. *Gardner*, 50 Neb. 320. The appeal vacates the proceedings before the board, so far as results go, and brings the matter up before the Appellate Division, *de novo*, for trial as fully as though it had never been heard before the board, save that the original charge or petition remains as the cause of trial, and save, also, that before it can be so tried before the Appellate Division it must have been brought before the board.

(3)    The third ground for the motion to quash is because section 5 of chapter 165, General Laws of Rhode Island is unconstitutional in that it conflicts with section 1, article X, of the constitution of the State.

That section provides that the judicial power of this State

shall be vested in one Supreme Court, and in such inferior courts as the General Assembly may, from time to time, ordain. and establish ; the contention being that the State Board of Health is not a court, and that the powers granted to it in Gen. Laws R. I. cap. 165, § 5, are judicial powers. Although it is provided in said section 5 that the State Board of Health "may, after due notice and hearing, revoke such certificates," it is contended that these words do not by necessary implication confer the power to administer an oath, and that inasmuch as there is no express enactment authorizing the board to administer oaths, such as is given to various official personages in Gen. Laws R. I. cap. 25, §§ 9, 10, and 11, it cannot be a court and conduct a hearing, as a hearing presupposes the power of taking sworn testimony.

While, perhaps, there may be force in the contention that the State Board of Health is not strictly a judicial body, yet we do not deem it necessary to decide that question here ; for, even if it is not a judicial body, it does not follow, in our opinion, that the act is unconstitutional.

Statutes similar to the one under consideration, restricting the practice of medicine to persons who are able to demonstrate their qualifications, have been held constitutional as a proper exercise of the police power of the State in very many States of the Union, as well as in the Supreme Court of the United States.    See *The State ex rel. Burroughs* v. *Webster et al.,* 150 Ind. 607, 616, where the cases have been collected. In this last-named case the Supreme Court of Indiana, in referring to the State Board of Medical Registration and Examination of that State, said (p. 621) : "While in some respects quasi-judicial, the action of the board is not judicial, any more than is the action of a county surveyor in fixing a boundary line, or of a county superintendent in giving or refusing a teacher's certificate, or the action of numberless other officers or boards in making investigations and decisions in matters committed to them.    Neither is the circumstance that an appeal is allowed from a decision of the board an indication that its action is judicial.    'The right of appeal from the action of boards in their administrative character,'

it was said by this court in *Board* v. *Heaston*, 144 Ind. 583, 55 Am. St. 192, 'is frequently conferred by statute. The appeal in such cases is not permitted because the action of the board is considered judicial, but it is granted as a method of getting the matter involved before a court that it may be determined judicially.'"

Even if the State Board of Health is only an administrative board and not a court, we see nothing objectionable, on constitutional grounds, to the method provided in said chapter 165 for getting the matter involved before a court that it may be determined judicially. The way provided to determine, in the first instance, whether a trial before the Appellate Division of the Supreme Court is desired is speedy and inexpensive. He whose application for a license has been refused, or whose license is proposed to be revoked, can have a judicial trial, without terms or condition, by taking an appeal, which is practically for the asking; and then his case is tried in full before the highest court in the State. If the State Board of Health decides in his favor, he gets all he asks with little trouble and expense. If the decision is not in his favor, he gets, for the asking, a trial before the highest tribunal in the commonwealth. It is difficult to see how his rights could be better protected.

(4)     The fourth ground for the motion to quash is because said section 5, chapter 165, conflicts with section 10, article I, of the constitution of Rhode Island, and also with section 1, article XIV, of the amendments of the constitution of the United States.

Section 10, article I, of the constitution of the State provides that one shall not be deprived of life, liberty, or property, unless by the judgment of his peers or the law of the land. Section 1, article XIV, of the amendments of the constitution of the United States provides that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, or deny to any person within its jurisdiction the equal protection of the laws.

We fail to see that the proceedings in this case conflict in any manner with either of the foregoing provisions. Under said chapter 165 he will get a full and impartial trial before the highest tribunal of the State after due notice upon charges specifying the grounds of complaint, according to the law of the land. He does not get a jury trial unless the law of the land entitles him to one, for section 15, article I, of the constitution of the State provides that the right of trial by jury shall remain inviolate.

In *Mathews* v. *Tripp*, 12 R. I. 256, 258, Durfee, C. J., says: "Trial by jury is a well-known kind of trial. The right of trial by jury, as secured by the constitution, is in our opinion simply the right to that kind of trial. And the right remains inviolate so long as the jury continues to be constituted substantially as the jury was constituted when the constitution was adopted, and so long as all such cases as were then triable by jury continue to be so triable without any restrictions or conditions which materially hamper or burden the right."

(5) A jury trial is not required by the law of the land in all civil cases, and unless it can be shown that previous to the adoption of the constitution of the State cases of the class now under consideration were required to be tried by a jury, the provision of the statute in question would not be invalid because of not providing for such a trial. It is clear that this is not one of the classes of cases in which jury trial is reserved by the constitution, as it belongs to a class which has arisen since the adoption of the constitution.

Mr. Justice Field, in *Dent* v. *West Virginia, supra,* says, in regard to article XIV, section 1, of the amendments to the constitution of the United States (p. 123): "As we have said on more than one occasion, it may be difficult, if not impossible, to give to the terms 'due process of law' a definition which will embrace every permissible exercise of power affecting private rights and exclude such as are forbidden. They come to us from the law of England, from which country our jurisprudence is to a great extent derived, and their requirement was there designed to secure the subject against

the arbitrary action of the crown and place him under the protection of the law. They were deemed to be equivalent to the 'law of the land.' In this country the requirement is intended to have a similar effect against legislative power; that is, to secure the citizen against any arbitrary deprivation of his rights, whether relating to his life, his liberty, or his property. Legislation must necessarily vary with the different objects upon which it is designed to operate. It is sufficient, for the purposes of this case, to say that legislation is not open to the charge of depriving one of his rights without due process of law, if it be general in its operation upon the subjects to which it relates, and is enforceable in the usual modes established in the administration of government with respect to kindred matters; that is, by process or proceedings adapted to the nature of the case. The great purpose of the requirement is to exclude everything that is arbitrary and capricious in legislation affecting the rights of the citizen."

The defendant stands upon the same footing, legally, as do all other persons seeking to practice medicine in this State, said chapter 165 applying to all alike.

In our opinion, said section 5, chapter 165, is not unconstitutional, under the provisions urged by him in the fourth ground of his motion to quash.

Upon the hearing of his motion to quash, the defendant asked leave to add as a ground for his motion : " Because the State Board of Health acted in the matter both as a court and prosecutor." Although the amendment was not formally allowed, yet the defendant proceeded to discuss it as if it had been, and, hence, we will consider it here.

(6)    The complaint in this case, as shown by the papers, was made to the State board by one P. R. Nicol, M. D., whereupon the defendant was cited before it to answer.

The State Board of Health is nowhere constituted the complainant, section 7, chapter 165, having been amended by Pub. Laws cap. 340, passed May 13, 1896, so that section now reads : "Complaints for violations of the provisions of this chapter shall be made by the secretary of said board, and

said secretary shall be exempt from giving surety for costs on any complaint made as aforesaid." By Gen. Laws R. I. cap. 96, § 5, it is provided that "the board shall elect a well-qualified physician as their secretary, who shall be *ex-officio* a member of the board, the commissioner of health, and State registrar; but he shall not be permitted to vote on any question in which he is personally interested."

It is axiomatic that one cannot judge his own case; but in this matter the complaint was not made by any member of the board, *ex-officio* or otherwise. If the secretary is *personally* interested in the complaint, he cannot vote upon it; and if he is *officially* interested merely, if such a distinction can be taken, his action is similar to boards of aldermen in various health matters where they originate the proceedings which may be appealed from, and it has never been supposed that their so doing was a cause for quashing the proceedings.

A paper designated as *Answer of the State Board of Health to the Appeal of Joseph N. Roy*, signed by the attorney prosecuting the complaint, appears among the papers of the case. Nothing of the kind is required by the statutes, and it is simply nugatory and of no effect, due, doubtless, to a misapprehension of the attorney as to the practice in such cases.

We do not think that the proceedings in this case should be quashed on the ground last above named.

The motion to quash is now alone before the court, and, for the various reasons above set forth, the motion to quash is denied.

*Thomas Z. Lee*, for State Board of Health.

*Clarence A. Aldrich and Ambrose Choquet*, for appellant.