BARRENTINE AND IVES *v.* STATE.

Crim. 4048

Opinion delivered September 27, 1937.

*Gus Fulk* and *Milton McLees,* for appellants.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

McHANEY, J. Appellants were convicted of attempted bribery of a police officer in the municipal court of the city of Little Rock. On appeal to the circuit court, they were again convicted, fined $100 and sentenced to 30 days in jail, on the theory that the charge was a misdemeanor under the common law. The only question to be decided on this appeal, as stated by counsel for appellants, is: "Whether or not the common law offense of attempting to bribe a public officer has been abrogated by statutory law of the state of Arkansas."

Appellants contend that, since at common law both bribery and attempt to bribe were misdemeanors, no distinction being made in the grade of the offense, our statute, § 2569, Crawford & Moses' Digest, takes up the whole subject anew, covering both the giving and offering to give a bribe, makes the offense a felony, and must be held to be in derogation of the common law. If so it is urged, no offense was charged against them, as there was no indictment or information under the statute. Said section provides: "If any persons shall * * * promise or offer to give * * * any money * * * to any member of the General Assembly * * * or to any officer of the state, or person holding any place of profit or trust, under any law of the state * * * with intent," etc. We think a careful reading of this statute shows that it was not intended to repeal the common law offense, but merely supplementary or cumulative thereto, and that the prosecutor might proceed under either assuming, of course, that a police officer is a "person holding any place of profit or trust, under any law of the state."

It has long been the rule in this state that "A statute will not be taken in derogation of the common law unless the act itself shows such to have been the intention and object of the legislature." *Gray v. Nations*, 1 Ark. 557; *State v. Pierson*, 44 Ark. 265; *Wilks v. Slaughter*, 49 Ark. 235, 4 S. W. 766; *Powell v. State*, 133 Ark. 477, 203 S. W. 25; *State v. One Ford Automobile*, 151 Ark. 29, 235 S. W. 378. A careful reading of the act fails

to convince that such was the intention and object of the Legislature.

We must, therefore, conclude that appellants were, lawfully charged and convicted, and the judgment must be affirmed. It is so ordered.