CALLAHAN, DIRECTOR *v.* LITTLE ROCK DISTRIBUTING COMPANY, INC.

4-9809                                                    248 S. W. 2d 97

Opinion delivered April 28, 1952.

*Ike Murry,* Attorney General and *Cleveland Holland,* Assistant Attorney General, for appellant.

*Wood & Smith,* for appellee.

SAM ROREX, Special Justice. Appellee is holder of Permit No. B-32, authorizing it to engage in the business of selling alcoholic beverages at wholesale in Arkansas. Such permits are issued on an annual basis expiring automatically on June 30. Permit No. B-32 was issued on April 1, 1949, and was renewed annually, the last renewal being July 1, 1951.

On December 3, 1951, appellant, Director of Alcoholic Beverage Control, notified appellee that its permit

would be revoked because stockholders of appellee were non-residents of Arkansas. Appellee brought this suit to enjoin the appellant from entering and enforcing the proposed order, claiming non-residence of stockholders constitutes no ground for revocation because of an exemption in subsection (4), § 1, Act 379 of the General Assembly of Arkansas of 1951. The Chancellor granted appellee's petition and enjoined the enforcement of the proposed order. This appeal followed.

The issue is whether the Chancellor correctly interpreted Act 379 of 1951, which is copied in the margin of this opinion.[1] (Italics supplied).

---

[1] Eliminating formalities, the wording of Act 379 is:

"Section 1. In addition to any restriction or requirement now imposed by law or by valid regulation promulgated in accordance with law, the following persons shall not be eligible hereafter to receive, obtain or be granted any wholesale liquor permit:

"(1) Any individual person who is not a citizen and *bona fide* resident of the State of Arkansas and who has not been domiciled in the State of Arkansas continuously for at least five years next preceding the date of his application for permit;

"(2) Any corporation, any officer, director, manager or *stockholder* of which would be ineligible as an individual person to obtain such permit by reason of the foregoing provisions of subsection (1), or by reason of any other existing restriction or provision of law or valid regulation promulgated in accordance with law. Any corporation which shall apply for such permit shall at the time of filing attach thereto a list of its *stockholders*, managers, directors and officers on such form as may be prescribed by the officer or authority issuing the permit, verified by the president and secretary and showing the names, addresses and places of residence of all such persons for the five years next preceding the date of application. When the residence or address of any such *stockholder*, manager, director or officer be changed, the same shall be reported by the corporation to such officer or authority within ten days thereafter. No *stock* in any corporation holding such permit shall be issued or transferred to any such ineligible individual, except in the case of transfer by reason of death of a *stockholder*, in which event, the transfer by death to any ineligible individual shall be reported by the corporation to the issuing officer or authority not later than 60 days after such death, and if within six months thereafter such *stock* so transferred by death shall not have been transferred by *bona fide* transaction to an individual otherwise eligible to receive such permit as provided herein, and as provided by existing law or regulation as aforesaid, the permit of such corporation shall immediately be revoked and cancelled.

"(3) Any partnership, any one of whose members or manager would be ineligible as an individual to obtain such permit by reason of the provisions of subsection (1) or of any other provisions of law or valid regulation as aforesaid.

"(4) *The provisions of this section shall not apply to any stock owned in any company legally operating in the State of Arkansas at the time of the effective date of this Act.*

"Section 2. Any such permit that may be issued to any individual, partnership or corporation which shall be found thereafter

No factual issue is presented. It is undisputed that appellee has non-resident stockholders, and that this is the sole reason for the threatened revocation. Appellee was legally operating in Arkansas on the effective date of Act 379. If Subsection (4), § 1, removes from the ban of Act 379 a corporation with non-resident stockholders legally operating on the effective date, the appellee must prevail.

Appellant argues for reversal of the case that the overall purpose of Act 379 was to restrict issuance of wholesale permits to persons or business organizations meeting the residence requirements set forth in the Act; that while two exceptions appear, exempting certain classes of existing permits, neither exception applies to appellee.

The exceptions appear as the final sentence of § 3, under which persons, firms or corporations who continuously held permits for a period of ten years prior to the effective date of the Act are exempted from all requirements contained therein. The second exception, the one directly involved here, appears as Subsection (4) of section 1. It exempts *from the provisions of Section 1* "stock owned in any company legally operating in the State of Arkansas at the time of the effective date of this Act."

These exceptions were added by amendment to the bill which eventually became Act 379. The amendment creating the exception set forth in § 3 was first adopted, and the amendment appearing as Subsection (4) at a later date.

---

ineligible as provided herein, or as otherwise provided by law or regulation, shall be forthwith cancelled and revoked, and if any such individual, partnership or corporation shall not comply fully with the provisions hereof, any such permit theretofore issued shall be cancelled and revoked.

"Section 3. This Act shall be cumulative to existing restrictions and requirements governing the issuance of wholesale liquor permits and repeal only such laws or parts of laws now in effect with which this Act expressly conflicts. Further providing that the provisions of this Act shall not apply to any person, firm, or corporation which for a period of at least ten years prior to the effective date of this Act has continuously been the holder of a wholesale liquor permit issued by this State."

Subsection (4), says the appellant, must be given a restricted meaning, and only relieves companies legally operating on the effective date of Act 379 of the necessity of reporting within ten days thereafter the ownership of stock and the residence of their personnel. Under this interpretation, legally operating companies would be entitled to remain in business during the interim between the effective date of Act 379 and the time that another permit would become necessary on July 1, 1951. The appellant argues that only in this way can Subsection (4) and § 3 be read together consistently—that any other interpretation simply exempts companies legally operating at the effective date of the Act from any of the restrictions supplied by Act 379, a result which is obviously at variance with the ten year qualification of section 3.

Both parties recognize and cite the well established rules for construction of statutes and the standards employed to ascertain the intention of the legislature. A statute must be analyzed in its entirety and meaning given to all portions. Construction which gives consistency to the various sections is desirable. Extrinsic aids which clarify the objective of legislation will be employed to resolve doubts. Among such aids is the legislative history of enactments, including the order and content of any amendments.

Appellant's argument fails to take into account the limitation of Subsection (4) to stock, and to stock alone. Subsection (4) unmistakably provides that § 1 shall not apply to any stock owned in any company legally operating in Arkansas at the time of the effective date of the Act. The language of the Subsection shows a clear intention to remove, as a ground for revocation, non-resident ownership of stock in a legally operating company, but it is likewise apparent that § 1 still supplies numerous restrictions as to the eligibility of this class of permit holder, and as to these restrictions no exemption is present. The officers, directors and managers of such business concerns must be *bona fide* residents of Arkansas and must have been domiciled in the state continuously

for at least 5 years next preceding the date of the application for permit. As to companies legally operating at the time Act 379 became effective, § 1 must be read as though the word "Stock" or "Stockholder" was deleted each time it appears.

Another reason for not limiting the application of Subsection (4) to existing permits may be ascertained from a consideration of parts of § 2 and Subsection (2) of section 1.

These sections require information on residence of personnel and stockholders to be supplied in an application and also require revocation if there is a failure to come within the residence requirements *thereafter*. No necessity appears for reporting this information immediately upon the effective date of Act 379. The legislature did not think the matter demanded immediate attention for it did not declare an emergency to exist and the Act did not become effective until 90 days after adjournment of the session. Existing permits in legally operating companies would continue until a new application was filed, irrespective of Subsection (4). Since this situation obtains, Subsection (4) was not designed simply as a temporary savings clause for existing permits. These would have been allowed to expire in any event, because the information bearing on eligibility was not demanded until the next application for permit.

Act 379, as originally drawn, would have eliminated all wholesale permit holders with non-resident stockholders or principal personnel. The proviso added as a part of § 3 was to preserve the rights of companies which had continuously operated for ten years previously. They were relieved from compliance *in toto*.

It is likewise reasonable to assume that the General Assembly was reluctant to penalize legally operating concerns by imposing the penalty of revocation because non-residents owned stock, under the new Act, although they refrained from extending the same consideration to officers, directors and managers. An intention to impose such a penalty will not be implied.

448

We conclude that Subsection (4) modifies § 1 of Act 379 to the extent that non-resident ownership of stock presents no ground for revocation of a permit held by a company legally operating in Arkansas on the effective date of Act 379. The appellee comes within the exemption.

The decree is affirmed.

The Chief Justice not participating.

Justices McFADDIN, MILLWEE and WARD dissent.