Kenneth Allen BRITT v. STATE of Arkansas

CR 76-206                                        549 S.W. 2d 84

Opinion delivered April 18, 1977
(In Banc)

490

*Floyd J. Lofton,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Kenneth Allen Britt was charged with, and found guilty of, two counts of aggravated robbery [Ark. Stat. Ann. § 41-2102 (Crim. Code, 1976)] and one count of battery in the first degree [Ark. Stat. Ann. § 41-1601 (Crim. Code, 1976)]. He was sentenced on each charge; however, the court made the sentences run consecutively and suspended the sentences on one of the robbery charges and on the battery charge. All of the charges were included in one information. Appellant's sole point for reversal is his contention that the court erred in submitting instructions and "finding instructions," or forms of verdict, on three offenses which were part of one criminal transaction "and/or" same conduct. The gist of the argument is that, in spite of the fact that two people were robbed and one of them wounded by appellant's gunfire, all within a few minutes after appellant entered a beauty shop and before he left it, all the acts were part of the "same conduct," and, thus, he could not be convicted of more than one offense under Ark. Stat. Ann. § 41-105 (1) (e) (Crim. Code, 1976). We disagree, so we affirm.

The evidence showed that appellant came into a beauty shop operated by Helen McPherson on January 12, 1976, at about 3:00 p.m., locked the door, threatened to "shoot the head off" Mrs. McPherson, put a gun to her head, and said he wanted money. He took money from the cash register and Mrs. McPherson's purse. He then took money from the purse of Mrs. Nethercott, who was in the beauty shop. Mrs. McPherson then went to the back of the shop and got her gun

and started firing. Britt fired first, according to Mrs. Nethercott. When the firing stopped, Mrs. Nethercott grabbed appellant and he struck her on the head, splitting it open, and she fell to the floor. Mrs. McPherson took appellant's weapon away from him, but he had another and used it to shoot Mrs. McPherson in the head. She was left lying on the floor. The whole sequence of events did not last more than five minutes. Appellant was also wounded by the gunfire. The net proceeds of the robberies amounted to about $200.

Appellant contends that he could only be convicted of one offense, because of the language in § 41-105 (1) (e) that one whose "same conduct" may establish the commission of more than one offense, may not be convicted of more than one of them if the conduct constitutes an offense defined as a continuing course of conduct and this conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses. We do not so read the statute.

Neither robbery nor battery in the first degree is defined as a continuing course of conduct. Examples of this kind of offense are: non-support, Ark. Stat. Ann. § 41-2405 (Crim. Code, 1976); promoting prostitution, Ark. Stat. Ann. § 41-3004, 3006 (Crim. Code, 1976); erecting or maintaining a gate across a public highway, Ark. Stat. Ann. § 41-2102 (Repl. 1964), now codified as obstructing a highway, Ark. Stat. Ann. § 41-2915 (Crim. Code, 1976). "A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy; an offense which continues day by day; a breach of the criminal law, not terminated by a single act or fact, but subsisting for a definite period and intended to cover or apply to successive similar obligations or occurrences." 22 CJS 6, Crim. Law § 1. The following examples are listed in § 281, Crim. Law, 22 CJS 731 et seq: carrying concealed weapon; continuous keeping of a gaming or a disorderly house; desertion and neglect to provide for family; embezzlement; engaging in business without license; maintaining nuisance; offenses relating to intoxicating liquors; and a conviction for violating a Sunday law. Another example is found in *Eclectic State Medical Board* v.

*Beatty,* 203 Ark. 294, 156 S.W. 2d 246, where we said:

> In the case of *State Board of Health* v. *Roy*, 22 R.I. 538, 48 A. 802, 803, the court held that where one obtains a license from a state medical board by false or fraudulent representations, this is a continuing offense. Every time such person undertakes to practice under his license he keeps up and continues the fraud initiated when he obtained by false representations his pretended authority to practice.

The continuing course of conduct contemplated by Ark. Stat. Ann. § 41-105(1)(e) is explained with considerable clarity, and in a manner peculiarly applicable here, in *Blockburger* v. *United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). There the court said:

> *** The distinction between the transactions here involved and an offense continuous in its character is well settled, as was pointed out by this court in the case of *Re Snow*, 120 U.S. 274, 30 L. Ed. 658, 7 S. Ct. 556. There it was held that the offense of cohabiting with more than one woman, created by the Act of March 22, 1882, chap. 47, 22 Stat. at L. 31, was a continuous offense, and was committed, in the sense of the statute where there was a living or dwelling together as husband and wife. The court said (pp. 281, 286):
>
> > It is, inherently, a continuous offence, having duration; and not an offence consisting of an isolated act. *** A distinction is laid down in adjudged cases and in textwriters between an offence continuous in its character, like the one at bar, and a case where the statute is aimed at an offence that can be committed *uno ictu.*
>
> The Narcotic Act does not create the offense of engaging in the business of selling the forbidden drugs, but penalizes any sale made in the absence of either of the qualifying requirements set forth. Each of several successive sales constitutes a distinct offense, however

closely they may follow each other. The distinction stated by Mr. Wharton is that "when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie." Whart. Crim. Law, 11th ed. § 34. Or, as stated in note 3 to that section, "The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. . . . If the latter, there can be but one penalty."

The common law rule was certainly contrary to the construction appellant urges upon us. This statute, a part of a comprehensive code, should not be construed to overrule a principle of established common law unless the intent to do so is plain. Our language in *Starkey Construction, Inc.* v. *Elcon, Inc.*, 248 Ark. 958, 457 S.W. 2d 509, is appropriate, viz:

> Of course, as pointed out by appellees, in attempting to codify a large body of law it is almost impossible to anticipate all the factual situations that may arise. And it is for this reason that courts have adopted the principle of statutory construction that a statute will not be construed so as to overrule a principle of established common law, unless it is made plain by the act that such a change in the established law is intended. In *Barrentine and Ives* v. *State*, 194 Ark. 501, 108 S.W. 2d 784, we said,
>
> > It has long been the rule in this state that "A statute will not be taken in derogation of the common law unless the act itself shows such to have been the intention and object of the legislature." (citing cases). A careful reading of the act fails to convince that such was the intention and object of the Legislature.

Appellant, however, seizes upon the language of the commentary to § 41-105 (1), which was before the General Assembly, but not adopted by it as a part of the Criminal Code of 1976, giving examples of the "same conduct" as the term is used in the section. There it was said that:

\*\*\* If X comes upon A, B, and C and robs them one at a time, the robberies arise from the "same conduct" despite the fact that X engages in separate acts with respect to A, B, and C. However, "same conduct" does not have application to a situation where X, pursuant to a single scheme, robs A on Monday, B on Tuesday, and C on Wednesday.

It should be noted that the first sentence of the section clearly states that, when the "same conduct," i.e., the robbery of A, B, and C, establish the commission of more than one offense, the defendant (X) *may be prosecuted for each such offense,* unless the conduct constitutes one of the exceptions listed in the second sentence. Nowhere is it indicated that the robbery of more than one person or a robbery and a subsequent or accompanying battery are only one crime. As a matter of fact, the commentary also contains this statement:

\*\*\* This section retains the basic power of the state to prosecute for as many offenses as are committed by defendant.

The lifting of this example of the "same conduct" out of the context of the full commentary may be misleading, but subsequent statements in that commentary relative to § 41-105 (1) (e) show clearly that there was no intention to apply the exception relied upon by appellant as he does. There it is said:

Subsection (1) (e) prohibits multiple convictions for an uninterrupted course of conduct that violates a statute defining a continuing offense. It would find application in prosecutions for such offenses as Nonsupport (Section 2405) or Promoting prostitution (Sections 3004-3006). The proviso at the end of paragraph (e) leaves the legislature free to indicate, for example, that each day that illegal conduct continues constitutes a separate offense. See, e.g., Ark. Stat. Ann. § 41-2103 (Repl. 1964) (Gate across public road).

In considering such illustrations as appellant relies upon, it has been said that "[a]n explanatory tale [sic] should

not wag a statutory dog." *A. P. Green Export Co.* v. *U.S.,* 284 F. 2d 383 (Ct. Claims, 1960). We add that the commentary to the Criminal Code is a highly persuasive aid to construction, but it is not controlling over the clear language of the statute. See *Schultz* v. *Young,* 205 Ark. 533, 169 S.W. 2d 648; *Keeler* v. *Superior Court,* 2 Cal. 3d 619, 87 Cal. Rptr. 481, 470 P. 2d 617, 40 ALR 3d 420; *In re Augustin Bros. Co.,* 460 F. 2d 376 (8 Cir., 1972); *Northern Pac. Ry. Co.* v. *Sanders County,* 66 Mont. 608, 214 P. 596 (1923); *Houston Bank & Trust Co.* v. *Lee,* 345 S.W. 2d 320 (Tex. Civ. App., 1961).

Where the language of a statute is clear and unambiguous and susceptible of a sensible construction, resort to extrinsic and collateral aids in construing it is not permitted. *Cross* v. *Graham,* 224 Ark. 277, 272 S.W. 2d 682; *Arkansas State Licensing Board for General Contractors* v. *Lane,* 214 Ark. 312, 215 S.W. 2d 707. See also, *John B. May Co.* v. *McCastlain, Commissioner,* 244 Ark. 495, 426 S.W. 2d 158; 82 CJS 736, Statutes, § 351. If it is possible to do so, we ascertain the legislative intent from the language used in the statute itself. *Arkansas State Highway Commission* v. *Mabry,* 229 Ark. 261, 315 S.W. 2d 900. It is only when the statute is ambiguous and there is doubt as to its meaning that we resort to such extrinsic matters to shed light on the legislative intent. *Arkansas State Highway Commission* v. *Mabry,* supra; *Gibbons* v. *Bradley,* 239 Ark. 816, 394 S.W. 2d 489; *Callahan* v. *Little Rock Distributing Co.,* 220 Ark. 443, 248 S.W. 2d 97.

Since we agree with the trial judge's application of the statute, and disagree with appellant's construction of it, the judgment is

Affirmed.

BYRD and HICKMAN, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. The majority chooses to ignore the clear language of the statute involved in this appeal. The pertinent parts of the statute, although interpreted by the majority, were not quoted and they read as follows:

(1) When the same conduct of a defendant may es-

tablish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if: . . . .

(e) The conduct constitutes an offense defined as a continuing .course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

We cannot affirm the conviction of both charges of aggravated robbery, if we use our usual rule of strict construction. The statute is primarily intended to prohibit "stacking" charges, and that is what was done. Furthermore, in the Commentary to this statute, there is an example given which is exactly in point with the case before us. The accused in this case was convicted of two counts of aggravated robbery, and in my judgment should have only been convicted of one count of aggravated robbery. I have no argument with the majority regarding the charge of first degree battery.

I am authorized to state that Justice Byrd joins me in this dissent.