STATE of Arkansas *v.* Glenda REEVES

CR 78-24                                       574 S.W. 2d 647

Opinion delivered November 27, 1978
(In Banc)
[Rehearing denied January 12, 1979.]

*Bill Clinton*, Atty. Gen., by: *Jesse L. Kearney*, Asst. Atty. Gen., for appellant.

*William Martin Cromwell*, of *Rose, Kinsey & Cromwell*, and *Matthew Horan*, for appellee.

John A. Fogleman, Justice. This appeal was taken by the state from an order granting the motion of Glenda Reeves to dismiss a charge of theft by receiving. The trial court sustained appellee's contention that the prosecution was barred by the three year statute of limitations. We disagree and reverse the judgment.

The information charging Glenda Reeves with the crime was filed on 17 November 1976. It alleged that the crime was committed on 27 August 1976. The trial court held that, since Mrs. Reeves had possession of the automobile which was the subject of the charge since 1972, the three year statute of limitations had run, holding that the offense of theft by receiving is not a continuing offense. The information alleged that Mrs. Reeves received and retained this automobile. Since we do not agree with the trial judge that theft by receiv-

ing, as alleged here, is not a continuing offense, we reverse the order of dismissal.

It should be pointed out that the court's finding as to the date appellant first came into possession of the vehicle in question was based upon a stipulation by the state's attorney that: Rodney Dale Reeves first came into possession of the automobile in 1972; he and Glenda Reeves were husband and wife and were living together at the time; and they continued to live together until they were divorced in October or November, 1974, when the automobile was awarded to appellee through a property settlement incorporated into the divorce decree.

Prior to the adoption of the Arkansas Criminal Code, larceny, embezzlement, receiving stolen property and possession of stolen property were separate crimes, separately defined by separate statutes. There were several statutes covering the crime of receiving stolen property. See e.g., Ark. Stat. Ann. §§ 41-3912, 41-3934 — 41-3937 (Repl. 1964). Possession of stolen property was defined by Ark. Stat. Ann. § 41-3938 (Repl. 1964). All such crimes were consolidated into the crime of theft by the Criminal Code. See Ark. Stat. Ann. § 41-2202 (Repl. 1977). The intention was to eliminate needless wrangling over the question whether particular conduct that is obviously criminal constitutes one offense rather than another. See commentary to § 41-2202.

The offenses of receiving stolen property and possession of stolen property were included under the broad general title of "[t]heft by receiving." This offense is defined by Ark. Stat. Ann. § 41-2206 (1) (Repl. 1977), in the following words:

A person commits the offense of theft by receiving if he *receives, retains, or disposes of stolen property* of another person, knowing that it was stolen, or having good reason to believe it was stolen. [Emphasis ours.]

The fact that the words "receives" and "retains" are alternatives clearly shows the legislative intent to incorporate the

crimes of receiving stolen goods (see Ark. Stat. Ann. § 41-3934) and possession of stolen goods (see Ark. Stat. Ann. § 41-3938) into one offense and that either receiving or retaining stolen property constitutes the offense. The definition in Ark. Stat. Ann. § 41-2206 (2) (Repl. 1977) does not eliminate the mere knowing possession of stolen property as a form of theft by receiving. The commentary accompanying § 41-2206 shows clearly that such a result was not intended. The pertinent language of the commentary follows:

> *** Secondly, the person found in knowing possession of stolen items can be convicted without the necessity of proving whether he took the property himself or acquired it from the actual thief. There were formerly a number of statutes that treated the receiver of stolen property in the same fashion as the thief. See, *e.g.,* prior law formerly found at Ark. Stat. Ann. § 41-3934 (Repl. 1964) (receiving stolen goods); § 41-3937 (Repl. 1964) (receiving stolen animals); § 41-3938 (Repl. 1964) (possession of stolen goods).

> Section 41-2206 adopts a definition of "receiving" that is broad enough to include not only the possession of stolen property, but also constructive possession, the acquisition of bare title to the property, or the extension of credit secured by the property.

This was part of the commentary before the General Assembly when the Code was adopted. See Commentary, p. 2, Vol. 4, Ark. Stat. Ann. (Repl. 1977). While we are not bound by the interpretation of the Criminal Code set out in the commentary, it is very highly persuasive and should be adopted unless we are clearly convinced that it is erroneous or that it is contrary to the settled policy of this state, as declared in the opinions of this court. *Shultz* v. *Young,* 205 Ark. 533, 169 S.W. 2d 648; *Rumph, Clerk* v. *Lester Land Co.,* 205 Ark. 1147, 172 S.W. 2d 916; *Britt* v. *State,* 261 Ark. 488, 549 S.W. 2d 84.

The question before us then is: when does the statute of limitations begin to run on the crime of theft by receiving committed by retaining possession of stolen property? The information filed specified that the offense was charged as a

class C felony and the value of the property was stated as in excess of $100, so the prosecution must have been commenced within three years after the commission of the offense. Ark. Stat. Ann. § 41-104 (2) (b) (Repl. 1977). For the purposes of § 41-104, an offense is committed either when every element of the offense occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time the course of conduct or the defendant's complicity therein is terminated. Ark. Stat. Ann. § 41-104 (5) (Repl. 1977). Appellee's alleged course of conduct of retaining the automobile and her complicity in its retention had not been terminated at the date alleged in the information. By the very use of the word "retains," there was a clear intention of the General Assembly to make this aspect of the crime a continuing offense. The word "retain" means "to hold or continue to hold in possession or use; to continue to have, use, recognize, accept, etc.; to maintain in one's keeping; as to retain part of the money, one's position, one's faculties." Webster's New International Dictionary, 2d Ed. See also, Webster's Third New International Dictionary. Thus, retaining the automobile was a continuing course of conduct. There is nothing in the definition of "receiving" in Ark. Stat. Ann. § 41-2206 (2) that leads to a contrary conclusion.[1] Here again, the commentary to § 41-104 makes the legislative intention quite clear by the following:

Crucial to the application of a criminal statute of limitations is the determination of when the offense is committed and when the prosecution is commenced. Subsections (5) and (6) answer these questions. The substance of subsection (5) is that the limitations period begins to run when the defendant could first be prosecuted for the offense. The subsection also states a special rule applicable to statutes prohibiting a continuing course of conduct. For example, if possession of an object is declared illegal, the elements of the offense are present from the moment defendant takes possession,

---

[1] At most, the effect of this definition makes § 41-2206 (1) read: "A person commits the offense of theft by acquiring possession, control or title, or lending on the security of the property if he acquires possession, control or title, or lends on the security of the property, retains or disposes of stolen property . . . . "

but the limitations period does not begin to run until his possession ends.

We treated the subject of continuing offenses in *Britt* v. *State*, 261 Ark. 488, 549 S.W. 2d 84. The offense here is clearly a continuing one under the definition used there. The definition we adopted was that a continuing offense is ". . . . a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy; an offense which continues day by day; a breach of the criminal law, not terminated by a single act or fact, but subsisting for a definite period and intended to cover or apply to successive similar obligations or occurrences." Retaining stolen property, as defined by the statute, fits that definition.

Appellee's argument that possession of stolen property is not a continuing course of conduct because it was not listed in examples given in that opinion is not persuasive. There is no indication in that opinion of an intention to list all crimes that are continuing offenses. We did not purport to do more than give examples, some of which are analogous to the offense charged. Some of these are: erecting or maintaining a gate across a highway; carrying a concealed weapon; desertion and neglect to provide for family.

The statute of limitations as to the offense with which appellee was charged did not begin to run until her possession ended.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

BYRD, HOLT and HOWARD, JJ., dissent.

GEORGE HOWARD, JR., Justice, dissenting. I am compelled to dissent in the results reached by the majority in this case and set out my reasons below.

Ark. Stat. Ann. § 41-104 (Repl. 1977) provides in pertinent part as follows:

". . .

(2) *Except as otherwise provided in this section, prosecutions for other offenses must be commenced* within the following periods of limitation after their commission:

. . .

(b) class B, C, or D or unclassified felonies, 3 years;

. . .

"The period of limitation does not run:

(a) during any time when the accused is continually absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no event shall this provision extend the period of limitation otherwise applicable by more than three years; or

(b) during any period when a prosecution against the accused for the same conduct is pending in this state." (Emphasis added)

The majority in holding that the statute of limitation does not commence to run on a charge of retaining stolen property, under Ark. Stat. Ann. § 41-2206 (1) (Repl. 1977) until the party has divested himself of possession of the property not only conflicts with the well established rule that penal provisions are construed strictly and nothing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the accused, but conflicts with Article 4 of the Constitution of the State of Arkansas which provides for three distinct departments of government, i.e., legislative, executive and judicial. Section 2 thereof provides:

"No person, or collection of persons, being one of the three departments, shall exercise any power belonging to either of the others . . . "

It is clear from the reading of Ark. Stat. Ann. § 41-2206 (1) involving the offense of theft by receiving as well as Ark. Stat. Ann. § 41-104, statute of limitation, that the majority is engrafting a provision which extends the period of limitation that does not fall within the exception set out in the

applicable statutory provision by the General Assembly. Thus, the majority is indulging in legislative action.

The majority seeks to justify its posture by advancing the following argument contained in its opinion:

> ". . . By the very use of the word 'retains,' there was a clear intention of the General Assembly to make this aspect of the crime a continuing offense. . . . There is nothing in the definition of 'receiving' in Ark. Stat. Ann. § 41-2206 (2) that leads to a contrary conclusion. . . . "

It is plain from the argument of the majority that aside from construing a penal provision liberally, namely, Ark. Stat. Ann. § 41-2206, the majority indulges in a form of reasoning that is very much akin to a form of.pleading characterized as a negative pregnant. In other words, the absence of language in the applicable statutory provision indicating that retention of stolen property is not a continuing course of conduct justifies, by way of implication, the conclusion that an affirmative or positive intent on the part of the General Assembly to make the offense a continuing one.

In *Toussie* v. *United States*, 397 U.S. 112, 114, the United States Supreme Court made the following observation regarding the statute of limitation and continuing offenses:

> "In deciding when the statute of limitations begins to run in a given case several considerations guide our decision. The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity. For these reasons and others, we have stated before 'the principle that criminal limitations statutes are to be liberally interpreted in favor of repose,

. . . ' We have also said that '[s]tatutes of limitations normally begin to run when the crime is complete.' . . . And Congress has declared a policy that the statute of limitations should not be extended '[e]xcept as otherwise expressly provided by law.' . . . These principles indicate that the doctrine of continuing offenses should be applied in only limited circumstances since, as the Court of Appeals correctly observed in this case, '[t]he tension between the purpose of a statute of limitations and the continuing offense doctrine is apparent; the latter, for all practical purposes, extends the statute beyond its stated term.' . . . These considerations do not mean that a particular offense should never be construed as a continuing one. *They do, however, require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.*" (Emphasis added)

I am authorized to state that Mr. Justice Holt joins in this dissent.