Tommy GHENT *v.* STATE of Arkansas

CR 78-212                                   578 S.W. 2d 218

Opinion delivered March 26, 1979
(In Banc)

*Mike Millar* of *Boyett & Morgan* and *Blount & Wilson,* by:
*Jerry B. Wilson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty.
Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is an appeal from the
trial court's denial of Ghent's second petition for postconvic-
tion relief under Rule 37.2. According to this second petition,
in 1976 Ghent and another man, wearing stocking masks,
entered the home of Gale Stuart and robbed Stuart and his
son Brett of $430 in cash and of firearms, watches, and liquor.

Upon a plea of guilty to two charges of aggravated robbery, one charge of burglary, and one charge of theft of property, Ghent was sentenced to 40 years' confinement upon each charge of aggravated robbery, 5 years upon the charge of burglary, and 5 years upon the charge of theft, all the sentences to run concurrently.

Ghent's first petition for postconviction relief alleged that the court accepted his pleas of guilty without adequately explaining his rights and that he received ineffective assistance of counsel in that his attorney coerced his pleas of guilty. The trial judge denied the first petition, without a hearing, on the basis of the record. We agree with that conclusion, but in any event the merits of the first petition for postconviction relief are not now before us, because there was no appeal from the court's denial of the petition. Rule 37.2 (b) provides that any grounds for relief finally adjudicated in the original proceedings or in any other postconviction proceedings may not be the basis for a subsequent petition. The trial court's order denying the first petition became a final adjudication when no appeal was taken. Ghent is therefore precluded from arguing the merits of the first petition in connection with his appeal from the trial court's denial of his second petition.

The second petition alleges that the original charges were unwarranted in that the State alleged two offenses of aggravated robbery arising out of a single transaction or course of conduct. Ghent's brief, however, recognizes that essentially the same contention was rejected by our decision in *Britt* v. *State,* 261 Ark. 488, 549 S.W. 2d 84 (1977). The statute has not been changed since that decision, and we see no reason to reach the opposite conclusion in the case at bar.

Affirmed.

BYRD, J., dissents in part.

PURTLE, J., dissents.

HICKMAN, J., not participating.

JOHN I. PURTLE, Justice, dissenting. I would first disagree with the majority view on appellant's first petition pursuant to Rule 37.3 (a) because I feel it was not properly ruled upon by the trial court. Until the court takes time to comply with the specific requirements by the court in ruling on this type petition, I would not penalize the appellant. Therefore, I do not think he had anything to appeal from the first time.

Since his motion was or should have still been pending, I would allow his second petition pursuant to Rule 37.3 (a) to be consolidated with the first and all points considered at the same time.

In his first petition appellant alleged he was unable to employ counsel and requested one be appointed for him. The court did not appoint counsel to assist appellant. If counsel had been appointed, no doubt the petition would have been amended to include the matters set out in the second Rule 37 petition. Rule 37.3 (b) reads as follows:

. . .

(b) If the original motion, or a motion to take an appeal from the court's findings under subsection (a) hereof, should allege that the prisoner is unable to pay the cost of the proceedings, or to employ counsel, and if the court is satisfied that this allegation is true, the circuit court shall appoint counsel for the prisoner for hearing in the circuit court and for an appeal to the Supreme Court.

. . .

Thus, it is the plain wording of the statute that appellant should have been appointed counsel from the beginning to represent him in the circuit court and the supreme court.

The most critical period of time in many cases is from the time the defendant enters his plea and the time judgment is entered and his being transferred to the Department of Correction or the jail. After entry of judgment and pronouncement of sentence, the record is usually silent as to what takes place between a defendant and his counsel. This is

the time a defendant first realizes what has really happened. It is also the time when he makes it known things did not go as planned or promised. Unless he is given an opportunity to present his argument to the court, which he seldom does, or has an attorney who is capable of doing it for him, then Rule 37 becomes largely some writing on paper and nothing more.

Recognizing full well that most of these petitions are without merit, I would nevertheless give an appellant at least the opportunity to present to the court the facts upon which he bases his motion. It is not inconceivable that sometimes a petitioner may well have proof by witness, or otherwise, that indeed he was promised something in return for his guilty plea. As the system is working in most cases, a prisoner is not being given a meaningful consideration of his petition pursuant to Rule 37.

My chief disagreement with the majority opinion is that it does not deal with the real problem but instead evades it through legal technicalities. Appellant's chief complaint, for which he will never receive a hearing on its merits, is that he was illegally sentenced pursuant to Ark. Stat. Ann. § 41-105 (1) (e) which states:

"(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if;

\*\*\*

(e) the conduct constitutes an offense defined as continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses."

The whole purpose of enacting this type legislation is to get away from the old theory employed by some people in stacking as many charges as possible in order to increase the chances of a plea and to avoid double jeopardy. After all, you

can kill a person only once. The facts in this case show appellant and his brother robbed a man and his son. It was all one continuing uninterrupted course of conduct such as is described in the above statute. As a result of his guilty plea, appellant was sentenced to (1) 40 years for robbing the man, (2) 40 years for robbing the son, (3) 5 years for burglary, and, (4) 5 years for conspiracy, which was later changed to 5 years for theft of property. It is a wonder the charge of trespassing was not added because he was not invited onto the premises.

Appellant simply robbed his victims and in doing so the other conduct was necessary to accomplish this despicable crime. He could not have robbed his victims except that he first enter the residence of the victims; neither would the robbery have been completed unless he took something of value. Therefore, burglary and theft of property are necessary ingredients of the real crime, aggravated robbery. The very purpose of the legislation has been defeated. The results are that in this one act appellant now has four prior convictions and will, if charged again, be placed in jeopardy for four separate convictions and thereby eligible for treatment under the habitual criminal act.

We have already decided in *Britt* v. *State*, 261 Ark. 488, 549 S.W. 2d 84 (1977) that the robbery of two persons is grounds for two convictions. Therefore, I can only state I do not agree with the *Britt* case but recognize it as binding in this case.

I would dismiss the burglary and theft of property convictions because I think they are an integral part of one continuous course of conduct resulting in aggravated robbery.