The Honorable Charlie Daniels Commissioner of State Lands State Capitol Building Little Rock, AR 72201
Dear Mr. Daniels:
This is in response to your request for an opinion regarding certain fees that are levied and collected by your office in connection with tax-delinquent property that is redeemed or sold following transfer to the state.
You indicate that a $25.00 collection fee and a $5.00 deed fee are currently being deposited as cash funds in depository institutions, rather than being deposited in the State Treasury to the credit of the Constitutional and Fiscal Agencies Fund. These funds are then transferred to the State Treasury to fund an appropriation from the State Central Services Fund for the ongoing upkeep and expenses of the office. You have asked whether this practice in[s] appropriate.
A review of the pertinent Code provisions indicates that a conflict exists with respect to the disposition of these fees. Arkansas Code of 1987 Annotated 21-6-203 authorizes the collection of certain fees by the Commissioner of State Lands, including:
 (a)(6) Redemption deeds issued under 26-37-310. . . . . . . . . . $5.00
* * *
 (b) The Commissioner shall charge a twenty-five dollar ($25.00) collection fee against all tax delinquent land which has been transferred to the State Land Department.
Subsection (e) of 21-6-203 then states:
 All fees and charges collected by the Office of Commissioner of State Lands shall be deposited in the State Treasury to the credit of the Constitutional and Fiscal Agencies Fund.
Also relevant to your inquiry is A.C.A. 26-37-205 which states:
 (a) All moneys collected by the Commissioner of State Lands from the sale or redemption of tax-delinquent lands shall be distributed as follows:
 (1) First, to the Commissioner, the collection fee, penalties, and costs prescribed by this subchapter;
 (2) Second, an amount to each county equal to the taxes due plus interest and costs to the county as certified by the county tax collector, which amount shall be held in an escrow fund administered by the Commissioner and remitted to the counties within one calendar year of their receipt by the Commissioner; and
 (3) Third, the remainder, if any, shall be placed in an escrow fund administered by the Commissioner.
 (b)(1) If no actions are brought within two (2) years after the date of conveyance as provided in 26-37-202, the Commissioner shall distribute the funds to former owners, if ascertainable.
 (2) If not distributed to the former owners after the two-year period, the funds shall be held for five (5) more years in escrow, and at the expiration of the five-year period, the escrow funds shall escheat to the county wherein the land is located. The conflict between these provisions is apparent. Under 21-6-203(e), "[a]ll fees and charges," including the collection fee and redemption deed fee prescribed under 21-6-203(a)(6) and (b), must be deposited in the State Treasury and credited to the Constitutional and Fiscal Agencies Fund. Section 26-37-205(a)(1) provides, however, for the distribution of "the collection fee, penalties, and costs prescribed by this subchapter" to the Commissioner of State Lands. The conflict with regard to the collection fee is clear. Although the intended disposition of the redemption deed fee is somewhat less clear, a review of the legislative history of these provisions supports the conclusion that this fee is encompassed within the prescribed "costs."
The legislative history is an appropriate guide to legislative intent where, as here, an ambiguity exists due to a conflict which cannot be reconciled. Callahan v. Little Rock Distributing Co.,220 Ark. 443, 248 S.W.2d 97 (1952); Cheney v. Georgia-Pacific Paper Corp. 237 Ark. 161, 371 S.W.2d 843 (1963). The legislative history of 26-37-205 and 21-6-203 compels the conclusion that section is the codification of Act 626 of 1983, as amended by Act 1021 of 1985. The 1985 act added the language appearing at26-37-205(a)(1) which mandates distribution to the Commissioner of the collection fee, penalties, and costs.[1] It is also significant to note that the emergency clause reflects the General Assembly's recognition of the fact that ". . . . the law relating to the distribution of proceeds received by the State Land Commissioner from the redemption of tax delinquent lands is confusing." Acts 1985, No. 1021, 3.
Section 21-6-203 is the codification of Act 117 of 1883, as amended by Act 886 of 1983 and Act 318 of 1985. The twenty-five dollar ($25.00) collection fee was first added by the 1985 act. Acts 1985, No. 318, 1; see also Acts 1987, No. 814, 5. And while it should be noted that an amendment ordinarily operates to give the former act the same effect it would have if it had been originally enacted as amended (Edland v. State, 91 Ark. 243,120 S.W. 994 (1909)), it must also be recognized that where two statutes irreconcilably conflict, the later one in time controls. State v. Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969). In this instance, Act 1021 of 1985 (A.C.A. 26-37-205) is the later act, having been approved on April 17, 1985. Act 318 of 1985 (A.C.A.21-6-203) was approved on March 12, 1985.
The 1989 appropriation act for distributing proceeds from the sale or redemption of tax delinquent land and for the personal services and operating expenses of the Land Department may also offer guidance on this issue. See Act 229 of 1989. Section 4 of this appropriation act states in pertinent part:
 There is hereby appropriated, to the Land Department, to be payable from the State Central Service fund from the proceeds of fees collected by the Office of the Commissioner of State Lands for operating expenses and capital outlay of the Land Department for the biennial period ending June 30, 1991, the following. . . .
When construed together with A.C.A. 26-37-205, supra, Act 229 of 1989 offers further support for the proposition that the collection fee and deed fee proceeds are properly distributed to the Commissioner to fund the appropriation from the State Central Services Fund. In conclusion, therefore, it is my opinion that the practice currently followed in this regard by your office is appropriate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The costs, according to Section 1 of Act 1021 of 1985, are the "costs prescribed this Act." A review of Act 626 of 1983 reveals that the cost prescribed by the act include the fee for the redemption deed and the fee for recording the deed, which "shall be borne by the owner." Acts 1983, No. 626, 1; see also Acts 1987, No. 814, 5.