

Cite as 2013 Ark. App. 747

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-12-404

MICHAEL DEWAYNE COPELAND

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** December 18, 2013

APPEAL FROM THE OUACHITA
COUNTY CIRCUIT COURT
[NO. CR-2010-63-3]

HONORABLE EDWIN KEATON,
JUDGE

AFFIRMED

## JOHN MAUZY PITTMAN, Judge

After a jury trial, appellant was found guilty of attempted first-degree murder and of first-degree battery. He was sentenced to concurrent terms of twenty years in the Arkansas Department of Correction for each offense; the terms were enhanced by ten years for his use of a firearm in committing the crimes, for a total of thirty years' imprisonment. Appellant contends that the trial court erred in denying his post-verdict motion to dismiss the first-degree-battery conviction, arguing that his convictions for both attempted first-degree murder and first-degree battery violated his constitutional right to be free from double jeopardy. We affirm.

The facts are not in dispute. Appellant went to the home of Kizzy Howell on the morning of January 13, 2010, to see his infant daughter. The infant was brought onto the porch by Ms. Howell; appellant stayed a few minutes and then left. Shortly thereafter, appellant returned and demanded to see the baby again. After Ms. Howell asked appellant



to leave, appellant pushed the door open and fired three shots at Mr. Cortez King, who was sitting on the couch in Ms. Howell's residence. One shot apparently missed. Mr. King was first shot in the abdomen; a few seconds later, he was shot in the head, whereupon appellant ceased firing.

Appellant argues that the first-degree-battery conviction should, under double-jeopardy principles, have been subsumed into the attempted-murder conviction because both convictions were based on the same conduct. The decision by a trial court that a defendant's protection against double jeopardy was not violated is reviewed by an appellate court de novo, with no deference to the trial court's determination. *Walker v. State*, 2012 Ark. App. 61, 389 S.W.3d 10.

The Fifth Amendment to the United States Constitution forbids any person from being put twice in jeopardy of life or limb for the same offense. The Fifth Amendment guarantee against double jeopardy has been said to consist of three separate constitutional protections: it protects against a second prosecution for the same offense after acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711 (1969). Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses, or only one, is whether each provision requires proof of a fact which the other does not. *Walker v. State*, 2012 Ark. App. 61, 389 S.W.3d 10 (citing *Blockburger v. United States*, 284 U.S. 299 (1932)).



Prosecution of conduct constituting more than one offense is governed by Ark. Code Ann. § 5-1-110 (Supp. 2013), which provides in part:

(a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. However, the defendant may not be convicted of more than one (1) offense if:

(1) One (1) offense is included in the other offense, as defined in subsection (b) of this section;

(2) One (1) offense consists only of a conspiracy, solicitation, or attempt to commit the other offense;

(3) Inconsistent findings of fact are required to establish the commission of the offenses;

(4) The offenses differ only in that one (1) offense is defined to prohibit a designated kind of conduct generally and the other offense to prohibit a specific instance of that conduct; or

(5) The conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that a specific period of the course of conduct constitutes a separate offense.

It is not argued that either of the offenses of which appellant was convicted was a lesser-included offense of the other. The crux of appellant's argument is that the shooting constituted a "continuing course of conduct" under subsection (a)(5) and that his being convicted and sentenced for both attempted first-degree murder and first-degree battery is therefore prohibited. However, subsection (d)(1)(D) of that same statute provides that, notwithstanding any provision of law to the contrary, a separate conviction and sentence are authorized for "[c]riminal attempt to commit murder in the first degree, §§ 5-3-201 and 5-10-102, and any felony utilized as an underlying felony for the attempted murder in the

first degree." Furthermore, it is clear that appellant fired three separate shots at the victim, striking him twice. Each wound constituted a separate battery, and Arkansas courts have long held that battery is not a continuing course of conduct and that multiple crimes committed on a single episode could be separately punished. *Britt v. State*, 261 Ark. 488, 549 S.W.2d 84 (1977). Finally, in *McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1999), it was held that the firing of three shots into an apartment constituted three, separate terroristic acts that could be charged separately without violating double-jeopardy rights. Under these circumstances, we hold that the trial court did not err in denying appellant's post-conviction motion to dismiss his first-degree battery conviction.

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Steven R. Davis*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Davis*, Ass't Att'y Gen., for appellee.