Potter v. The State.

---

## POTTER v. THE STATE.

42  29
74  553

1. CRIMINAL LAW:  *Once in jeopardy.*
   A mistrial in a felony case, from the disagreement of the jury on a verdict, is not a jeopardy; and the defendant can not plead it as a former jeopardy to a new indictment for the same offense.

2. CRIMINAL PRACTICE:  *Venue:  Change of:  Jurisdiction.*
   When after change of venue in a criminal case there is a *nolle prosequi* of the indictment, a new indictment must be found in the county in which the crime was committed; and thereupon the defendant may have another change of venue.

Potter v. The State.

3. STATUTES: *Dividing county into judicial districts, constitutional. Ex post facto, when.*

The act of March 6, 1883, dividing Craighead County into judicial districts is constitutional, and the selection of a jury exclusively from one district to try an indictment for felony pending in that district at the time of the passage of the act, is no infringement of the defendant's constitutional right to be tried by an impartial jury of the county. Nor is the act an *ex post facto* law as to offenses committed before its passage, as it relates only to the procedure and not to the punishment.

4. BILL OF EXCEPTIONS: *Must contain all the evidence.*

Unless the bill of exceptions purports to contain all the evidence, the rulings of the Circuit Court as to the admissibility of evidence and the instructions, etc., will be presumed to be correct.

ERROR to *Craighead* Circuit Court.

Hon. J. G. FRIERSON Circuit Judge.

*A. J. Potter pro se.*

1. Plaintiff in error had been once before in jeopardy for the same offense. *Const., art. 2, secs. 8 and 10; 26 Ark., 260; 17 Mo., 541; 41 Ib., 254; 7 Ind., 324; 32 Mo., 480; 48 Cal., 323; 14 Ind., 139; 14 Ohio, 295; 20 Pick., 336; 7 Allen, 328; 12 Ohio St., 214; Kelly Cr. Prac., secs. 218-19-22; 4 Ark., 162; 9 Ib., 497.*

2. By the change of venue to Cross County the Craighead Circuit Court lost jurisdiction of the cause. *Gantt's Digest, secs. 1868, 1886; 4 Ark., 162; 9 Ib., 497.*

3. The motion for a continuance should have been granted. *21 Ark., 460.*

4. The clerk failed to furnish prisoner with a full list of the regular panel of petit jurors. *13 Ark., 720; 16 Ark., 568.*

5. Plaintiff in error was entitled to a jury from the *body of the county*, and this right could not be abridged by any subsequent act of the Legislature, forming two judicial districts. *Const., art. 2, sec. 10; art. 5, secs. 24, 25, 26; Gantt's Digest, secs. 3673-4.*

6. The court erred in excluding all evidence of threats made and communicated, unless made within twenty-four hours before the killing, and all evidence as to the character of deceased. *29 Ark., 248; 22 Ib., 555; 20 Ib., 53; 16 Ib., 584; 47 Mo., 604; 50 Ib., 337; 17 Mo., 544; 59 Ib., 550; 53 N. Y., 164; 33 Ind., 418; 31 Ib., 194; 37 Ib., 57.*

*Moore*, Attorney General, for the State.

1. As to the fifth ground for new trial that the jury was only from Jonesboro district, see *Act of March 6, 1883,* and as to its constitutionality, *35 Ark., 386.*

2. As to the first and eighteenth grounds, that Craighead Circuit Court lost jurisdiction by change of venue, and that the dismissal of a valid indictment amounted to an acquittal, see *26 Ark., 260; 4 Ark., 162;* and *9 Ark., 497.*

3. The other grounds are frivolous, and the points raised have been time and again decided by this court.

STATEMENT.

ENGLISH, C. J. At the March term, 1878, of the Craighead Circuit Court, Andrew Potter was indicted for murder; the indictment charging, in substance, that on the twentieth of November, 1877, in Craighead County, he murdered Moses Stephens, by shooting him with a pistol.

On his application, the venue was changed to the Circuit Court of Cross County, where at the Spring term, 1878, the case was submitted to a jury, on plea of not guilty; who, after hearing the evidence, argument of counsel and instructions of the court, failed to agree upon a verdict, and were discharged by the court, and the case continued to the next term.

At the next term, it was made known to the court that

the defendant had escaped from custody, and left the country.

No further order seems to have been made in the Cross Circuit Court in the case until the April term, 1882, when a *nolle prosequi* was entered by the State.

Afterwards one Nesbit, during the same year, ascertained that the defendant was in Grayson County, Texas, and went there and captured him, and brought him back to Craighead County, and at the September term of the Circuit Court of Craighead County, 1882, he was re-indicted for the same murder.

Upon this indictment he was tried at the September term, 1883, on plea of not guilty; found guilty of murder in the second degree, sentenced to the penitentiary for seven years, and refused a new trial. He took a bill of exceptions and brought error.

### OPINION.

1. CRIMIN-
AL LAW:
Once in
jeopardy.

I. Before the plaintiff in error was put upon trial on plea of not guilty, he pleaded the mistrial in the Cross Circuit Court as a former jeopardy and bar to further prosecution on the second indictment, and the court sustained a demurrer to the plea.

By section 8 of the Declaration of Rights, it is provided that "no person for the same offense shall be twice put in jeopardy of life or liberty; but if in any criminal prosecution the jury be divided in opinion, the court before which the trial shall be had, may, in its discretion, discharge the jury and commit or bail the accused for trial at the same or next term of the court."

The mistrial was therefore not a jeopardy, and if the plaintiff in error was not tried at the next term it was his own fault, he having escaped from custody and fled the country.

Potter v. The State.

II.   The plaintiff in error also pleaded to the jurisdiction of the court, that by reason of the change of venue to the Circuit Court of Cross County, upon the original indictment, the Circuit Court of Craighead County had lost jurisdiction of the offense and could not regain it. *2. Venue. Change of: Jurisdiction.*

The court also sustained a demurrer to this plea, and very properly.

Whilst the case was pending in the Cross Circuit Court, on change of venue, the Craighead Circuit Court had no jurisdiction of it, but after the *nolle prosequi* had been entered by the State in the Cross Circuit Court, then the second indictment had necessarily to be found in the Circuit Court of Craighead County, where the crime was committed.

III.   It was also submitted as a matter of defense, that the State by entering a *nol. pros.* in the Cross Circuit Court and causing him to be re-indicted in the Craighead Circuit Court, deprived the plaintiff in error of the benefit of a change of venue.   This defense was overruled; but it was intimated to the plaintiff in error that he had not been deprived of the benefit of a right to change of venue on the new indictment. *Same.*

The statute provides that there shall be but one change of venue in a criminal case or prosecution.  (Gantt's Digest, section 1886); but, no doubt, where there has been a *nol. pros.* after a change of venue and a new indictment in the county where the crime was committed, as in this case, the accused would be entitled, upon proper application, to a second change of venue.   Though it was intimated to plaintiff in error that he had such right, he made no application for a change of venue.

IV.   Between the finding of the second indictment and the trial, the act of March 6, 1883, dividing Craighead County into judicial districts was passed.   (See Acts of *3. Statute dividing county in two districts, constitutional.*

3

1883, p. 90). The plaintiff in error was tried at Jonesboro, the county seat, in the Jonesboro district, where the prosecution was pending at the time of the passage of the act, and as provided by it. The trial jurors were summoned from the Jonesboro district, in accordance with a provision of the act, and the plaintiff in error challenged the array, insisting that the act was unconstitutional, and that he had a right to be tried by a jury taken from the body of the county; but the court overruled the challenge.

In *Walker v. The State, 35 Ark., 386,* the same question was presented under a similar act, and it was decided that taking a jury from such a district was no infringement of the constitutional right of the accused to be tried by an impartial jury of the county in which the crime is committed.

*Ex pos facto,*when. The act now in question was passed after the commission of the crime, but it was not an *ex post facto* law within the constitutional meaning of that term. It does not relate to the punishment of the crime, but to the procedure. *1 Bishop on Criminal Law (6th ed.), secs. 279, 284.*

V. But little need be said on the merits of the case. Before the day of the killing, Potter and Stevens had quarrelled and were at enmity. About an hour before sundown of that day, Stevens went to a spring about a quarter of a mile from his house, to water his mules and to drive up his sheep. He rode one mule and led another, and was unarmed. When returning to the house he was met by Potter, who shot him with a pistol in the breast and in the back, and he fell from his mule and soon bled to death.

The jury, no doubt, would have found Potter guilty of murder in the first degree, but for some credit they attached to a statement of his that, before he shot Stephens, the latter dropped his hand to his side as if to draw a weapon.

Quite a number of questions were reserved at the trial, relating to the admission of evidence, the instructions of the court, etc., which were made grounds of the motion for a new trial, as well as that the verdict was not warranted by the evidence. There is no novelty in any of the questions thus presented, and nearly all of them have been repeatedly ruled upon by this court. We have no occasion, however, to consider any of these questions again in this case, because the bill of exceptions does not purport to set out all the evidence introduced at the trial, and the presumption is, therefore, in favor of the correctness of the judgment of the court below, and it must be affirmed.

*4. Bill of exceptions.*