STATE *v.* ONE FORD AUTOMOBILE.

Opinion delivered December 12, 1921.

1. INTOXICATING LIQUORS—FORFEITURE OF VEHICLE.—Under Crawford & Moses' Dig. § 6170, providing that there shall be no property rights in intoxicating liquors, and providing for the forfeiture of "any vessels, fixtures, valises or other containers", *held* that a vehicle in which intoxicating liquor is being unlawfully transported is not subject to confiscation.

2. INTOXICATING LIQUORS—FORFEITURE OF AUTOMOBILE.—Under Crawford & Moses' Dig. § 6196, providing that "the conducting, maintaining, carrying on or engaging in the sale of intoxicating

liquors in. violation of the laws of this State, in any building, structure or place within this State, and all means, appliances, fixtures, appurtenances, materials and supplies used for the purpose of conducting, maintaining or carrying on such unlawful business or occupation, are hereby declared to be public nuisances, and may be abated under the provisions of this act," *held* not to authorize the confiscation of an automobile used in conveying intoxicating liquors where it does not appear that the automobile was being used in connection with the unlawful business of selling liquors at any particular place.

3.   STATUTES—REPEAL OF COMMON LAW.—Statutes should not be held to be in derogation of the common law unless there is an irreconcilable repugnance, or unless the statute itself shows that such was the intention and object of the lawmakers.

4.   STATUTES—REPEAL OF COMMON LAW.—Where the Legislature adopts a common-law offense as a statutory one, and prescribes a different penalty, it is necessarily in derogation of the common law, and must be treated as a repeal, by implication, of the common-law penalty.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*J. S. Utley,* Attorney General, *Geo. W. Emerson,* Prosecuting Attorney, and *W. H. Donham,* for appellant.

The case of *White Auto Company* v. *Collins,* 136 Ark. 81, is decisive of the question that may arise as to the claim of Hamp Williams Hardware Company or R. A. Johnson to the automobile sought to be confiscated.

The statute, § 2, act 87, Acts 1919, amending § 6, act 13, Acts 1917, omits the word "vehicles," and there is no authority under that statute to confiscate vehicles used in the illegal traffic, but there is authority for such confiscation under the common law. 136 Ark. 81; 87 S. E. 976; L. R. A. 1916-E, p. 338; 1 Bishop, Crim. Law, 7th Ed., 492, 494; 14 Law. Ed., 249; 24 R. C. L. 724-725; 20 *Id.* 384; 2 Abb. Prac. (N. S.) 193.

If § 6, act 13, Acts 1917, was in derogation of the common law and therefore abrogated it, the repeal of that statute would again put the common law in force. 85 Ark. 598; 91 *Id.* 243; 100 *Id.* 175; 31 *Id.* 181-84.

A statute in derogation of the common law must be strictly construed. 82 Ark. 247. And a statute will not be taken as in derogation of the common law, unless the act itself shows such to have been the intention of the Legislature. 49 Ark. 237; 1 *Id.* 557; 5 *Id.* 135, 136. It cannot be presumed that the Legislature intended to abrogate or modify the common law by passing a statute covered by the common law. 25 R. C. L. 1054-55 and cases cited.

An automobile used in the unlawful transportation of intoxicating liquor is forfeitable under § 6196, Crawford & Moses' Digest.

*Price Shofner,* for interveners.

The amendatory statute clearly expresses the intention of the lawmakers not to subject to forfeiture furniture, implements, or *vehicles,* § 2, act 87, Acts 1919, but to subject vessels, fixtures, valises or containers—things peculiarly fitted for use in the sale or transportation of liquors.

There is no statute here, as was the case in *White Auto Co.* v. *Collins,* 136 Ark. 81, to uphold the confiscation, and that case is not decisive of intervener's claim. "The forfeiture and disabilities imposed by the common law on persons attainted of felony are unknown to the laws of this country, and no consequences follow conviction and sentence except such as are declared by law." 12 R. C. L. 124; 18 R. C. L. 257, § 263. No claim is made that either intervener knew the purpose for which the automobile was being used, or had anything to do with it. The automobile ought not to be forfeited; 19 Cyc. 1356-1357; § 17, art. 2, Const. There is no fact in the record to justify the claim that the automobile itself is a nuisance, nor, indeed, any authority to be found for confiscation as a remedy for nuisance. 92 Ark. 546; 93 *Id.* 362; 95 *Id.* 545. The law provides a remedy by indictment for maintaining a public nuisance, or by proceeding in equity for an injunction. 70 Ark. 12; 24 R. C. L. 724-725.

Sec. 6196, C. & M. Digest, has no application to a case of this kind. It is directed to the business of selling intoxicating liquors in violation of the law.

McCULLOCH, C. J. This is a proceeding instituted by the prosecuting attorney on behalf of the State to confiscate and condemn for sale an automobile used in unlawful transportation of intoxicating liquor. The case was heard by the circuit court on agreed statement of facts, in which it is shown that the machine in question was used by one Wilson to unlawfully transport 20 gallons of alcoholic liquor from one point to another in Pulaski County. It also appears from the agreed statement of facts that Wilson borrowed the car from R. A. Johnson, who held the same under a contract of purchase from the Hamp Williams Hardware Company, of Hot Springs, the seller reserving the title until the purchase price was paid. The Hamp Williams Hardware Company and Johnson intervened to resist the confiscation, and it was agreed that neither of them had any information that Wilson was using the car for an unlawful purpose. The circuit court refused to confiscate the machine, and the State has prosecuted an appeal to this court.

A statute enacted by the General Assembly of 1917 (act No. 13, Session of 1917) provided for forfeiture and confiscation of "any vessel, fixture, furniture, implements or vehicle" unlawfully used in the transportation of intoxicating liquor, but that statute was repealed by act No. 87 of the session of 1919 (Crawford & Moses' Dig. sec. 6170), which omitted the words "implements or vehicles," and substituted the words "valises or other containers." It is conceded that in the later statute, *supra,* there is no provision regarding the instrumentalities used in the transportation of liquor other than those things expressly mentioned. In other words, it is conceded that the vehicle by which liquor is unlawfully transported is not subject to confiscation under this statute. It is, however, contended on behalf

of the State that there is a right of confiscation in the present instance under another statute which reads as follows:

"The conducting, maintaining, carrying on or engaging in the sale of intoxicating liquors in violation of the laws of this State, in any building, structure or place within this State, and all means, appliances, fixtures, appurtenances, materials and supplies used for the purpose of conducting, maintaining or carrying on such unlawful business or occupation, are hereby declared to be public nuisances, and may be abated under the provisions of this act." (Crawford & Moses' Digest, § 6196).

This contention cannot be sustained, for it is obvious that the statute just quoted applies to cases where the unlawful business of selling intoxicating liquors is carried on "in any building, structure or place." There is nothing in the agreed statement of facts in this case to show that Wilson was operating the unlawful business at any particular place and was using this automobile in connection with that business. The facts, as set forth in the stipulation, relate only to a single instance of unlawful transportation of liquor.

Lastly, it is contended that at common law there was forfeiture and confiscation under facts similar to the present case, and that such provision has not been repealed by our statute.

The rule is that a statute should not be held to be in derogation of the common law unless there is an irreconcilable repugnance, or unless the statute itself shows that such was the intention and object of the lawmakers. *Wilks* v. *Slaughter*, 49 Ark. 235; *Powell* v. *State*, 133 Ark. 477. And where the Legislature, by statute, carves out of the common law an offense, making it a statutory offense, there is no implied repeal of the common law with respect to other offenses of the same general character. *Powell* v. *State, supra.* We have an instance now, however, where the Legislature

. has taken up the subject of punishment for unlawful manufacture, sale or transportation of intoxicating liquors, prescribed a procedure and. imposed such penalties as the lawmakers deemed adequate.  There is in this statute a provision for forfeiture and confiscation of certain things, and all reference to vehicles used in transporting liquor is omitted.  Where the Legislature adopts a common-law offense as a statutory one and prescribes a different penalty, it is necessarily in derogation of the common law and must be treated as a repeal, by necessary implication, of the common-law provision concerning the penalty.  It is unnecessary to enter into any discussion as to the extent and limits of the common law in regard to confiscation of property used unlawfully, for we have reached the conclusion that our statute, so far as concerns the use of property in the unlawful manufacture, sale or transportation of intoxicating liquors, has repealed the common law.

Judgment affirmed.

HUMPHREYS, J., dissents.