Alvin Lee MEYERS *v.* STATE of Arkansas

CR 80-258                                          611 S.W. 2d 514
Supreme Court of Arkansas
Opinion delivered February 9, 1981

*Robert S. Blatt*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was charged in the Fort Smith District, Sebastian County, with attempted rape and convicted of third degree battery. The jury imposed a punishment of one year in jail and a fine of $1,000. Two errors are charged: the trial court should have granted a motion to quash the jury panel and should have declared a mistrial because of a remark by the prosecutor during *voir dire* examination. The arguments are without merit.

The motion to quash mentions no constitutional issues, but alleges simply that in the opinion of counsel a jury drawn from the entire county would be "fairer" than a jury drawn only from Fort Smith.

Article 3, § 5, of the Arkansas Constitution provides Sebastian County may have two districts and two county seats. Enabling legislation established the districts as Fort Smith and Greenwood, the dividing line being the city limits of Fort Smith. The boundaries of the districts change as the City of Fort Smith changes through annexation. Each district maintains its own jury panel with persons residing in the district selected from voter registration rolls, separately maintained.

On appeal, appellant has broadened considerably the arguments in support of the motion to quash: he contends that Amendment 55 of the Arkansas Constitution effectively repeals Article 13, § 5; that Article 2, § 10 entitles him to a county-wide jury panel; and that Amendment 7, § 1 invalidates legislation which enables the district boundaries to change periodically as lands are annexed to the City of Fort Smith. None of these arguments were posed in the motion to quash and, thus, were not addresssed to the trial court in the first instance. They cannot be raised for the first time on appeal. *Federal Express Corp., et al* v. *Skelton*, 265 Ark. 187, 578 S.W. 2d 1 (1979); *Williams* v. *State*, 257 Ark. 8, 513 S.W. 2d 793 (1974); *Ford* v. *State*, 253 Ark. 5, 484 S.W. 2d 90 (1972).

The argument which is raised by the motion to quash, that appellant is entitled to be tried by a jury drawn entirely from Sebastian County, rather than from Fort Smith alone, has been considered a number of times and put to rest. *Walker* v. *State*, 35 Ark. 386 (1880); *Potter* v. *State*, 42 Ark. 29 (1883); *Collins* v. *State*, 200 Ark. 1027, 143 S.W. 2d 1 (1940); *Terry* v. *State*, 149 Ark. 462, 233 S.W. 673 (1921); *Warren* v. *State*, 241 Ark. 264, 407 S.W. 2d 724 (1966).

Appellant's second point is that a mistrial should have been granted because during *voir dire* the prosecuting attorney said to a prospective juror "the defendant might or might not testify." Citing *Adams* v. *State*, 263 Ark. 536, 566 S.W. 2d 387 (1978) and *Clark* v. *State*, 256 Ark. 658, 509 S.W. 2d 812 (1974), the appellant argues that the remark impinged on his Fifth Amendment right not to testify. However, counsel for the state denied the remark attributed to him, stating that he said only that there "would be one witness for the state." This, apparently, is how the trial judge heard the remark. Since the remark itself is not in the record, only the dispute between counsel, we assume the trial judge was correct and that he properly denied the motion for mistrial, the granting of which rests within the sound discretion of the trial court. *Fauna* v. *State*, 265 Ark. 934, 582 S.W. 2d 18 (1979); *Finch* v. *State*, 262 Ark. 313, 556 S.W. 2d 434 (1977).

Affirmed.