Gaylon M. MORGAN *v.* STATE of Arkansas

CR 80-251                                    618 S.W. 2d 161

Supreme Court of Arkansas
Opinion delivered June 29, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Linda Faulkner Boone*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

*Stephen M. Sharum*, amicus curiae.

STEELE HAYS, Justice. Gaylon Morgan was charged with attempted rape and aggravated robbery. The jury convicted him of attempted rape and reduced the aggravated robbery charge to the lesser offense of theft of property. As a repeat offender, he was sentenced to 40 years for attempted rape and ten years for theft of property, the sentences to run concurrently. For reversal, appellant argues that the jury panel was improper, that the trial judge misinstructed the jury on the defense of intoxication and that the evidence was insufficient to support the verdict. We find no error and affirm the judgment.

On the evening of January 14, 1980, shortly before the 10 o'clock closing hour, Morgan came into the Irish Maid Doughnut Shop in Fort Smith and ordered coffee. The lone attendant, Ms. Vanessa Martin, thought his behavior strange.

Morgan left and returned, again ordering coffee. He left once more, returned unnoticed and accosted Ms. Martin in the back of the shop with a pocket knife, saying that he wanted to have sexual relations with her. She managed to fend him off by talking and grabbing his hands as he told her to remove her clothing. She suggested they go to the front to the cash register and as Morgan was occupied with the money, Ms. Martin pressed a silent alarm. During the interval until the police arrived he resumed the sexual advances and tore Ms. Martin's blouse. The police arrived and Morgan was arrested as he tried to find a means of escape from the building. At police headquarters, he was given a gas chromatograph test for the presence of alcohol and registered 0.15.

There was abundant medical testimony, both at a pretrial hearing on Morgan's competence to stand trial and during the trial itself, that Morgan suffered from organic brain damage as a result of a high school football injury. He experienced periodic memory loss and brain disfunction as a result of the injury; the condition was exaggerated by the consumption of alcohol. According to the expert testimony, even minimal amounts of alcohol further reduced normal brain function and evoked anti-social behavior.

For reversal, Morgan argues first that the court below erred in not granting a motion to quash the jury panel on the grounds that a jury may not properly be drawn from only the Fort Smith District of Sebastian County. We disagree.

Article 13, § 5 of the Constitution of Arkansas (1874) provides:

> Sebastian County may have two districts and two county seats, at which county, probate and circuit courts shall be held as may be provided by law, each district paying its own expenses.

And, Ark. Stat. Ann. § 39-205.1 (Supp. 1979) provides in part:

> During the month of November or December of each

year, the prospective jurors for the following calendar year shall be selected among the current list of registered voters of the applicable *district or county* ... (Emphasis supplied.)

Clearly both our Constitution and the statute contemplate that a jury may properly be drawn from only one district within a county having more than one district. And we so hold. As we stated in our recent decision of *Meyers* v. *State*, 271 Ark. 886, 611 S.W. 2d 514 (1981):

> The argument which is raised by the motion to quash, that appellant is entitled to be tried by a jury drawn entirely from Sebastian County, rather than from Fort Smith alone, has been considered a number of times and put to rest. *Meyers*, at 888.

The appellant now submits that Amendment 55 to the Constitution of Arkansas effectively repeals Article 13, § 5, and that our decision in *Robinson* v. *Greenwood District, Sebastian County Quorum Court*, 258 Ark. 798, 528 S.W. 2d 930 (1975), compels the same result in this case. We did not reach this particular argument in *Meyers* because the issue was not properly raised in the court below. See, *Meyers*, at 887. We now have the issue properly presented.

In *Robinson*, the very narrow question of whether Sebastian County could be administered by two separate quorum courts under Section 13, Act 128 of 1975, was settled. We held that it could not:

> However, the 1974 Amendment 55 to our constitution contains provisions that are patently inconsistent and incompatible with these two districts continuing to have separate quorum courts which is provided by Section 13 of Act 128. *Robinson*, at 801.

The decision in *Robinson* did not, as appellant contends, invalidate Article 13, § 5 of the Constitution of Arkansas (1874). Indeed, nothing in Amendment 55 is inconsistent with the provisions of Article 13, § 5, which are at issue in this case, that is:

Sebastian County may have two county seats, at which county, probate, and circuit courts shall be held as may be provided by law. ....

Further, under this same point for reversal, the appellant argues that annexation by the city of Fort Smith of surrounding areas in effect changes the boundaries of the Fort Smith and Greenwood Districts. Appellant asserts that these boundary changes of the two districts are arbitrary, without authority, conducive to gerrymandering and in some manner prejudicial to the appellant. However, he has failed to cite any authority for such broad assertions and has failed to state a compelling reason why we should adopt such a position. Therefore, we decline to consider this argument. *Dixon* v. *State*, 260 Ark. 857, 545 S.W. 2d 606 (1977).

Appellant also insists that there was not sufficient evidence to support the convictions. The argument relies on the voluminous expert testimony concerning appellant's mental condition. We note that it is not argued that the court erred in finding the defendant competent to stand trial following the pretrial hearing and that issue is not before us. Rather, the appellant complains of a lack of sufficient evidence to prove a culpable mental state or the specific intent required by the statutes under which he was charged. It is enough to state that the jury is not bound to accept the expert testimony as conclusive to the exclusion of any other evidence. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W. 2d 342 (1979).

Thirdly, the appellant argues that the trial court erred in instructing the jury on the defense of intoxication. In giving the instruction the trial court properly combined AMCI 4001 and AMCI 4005, as intended by the Arkansas Model Jury Instruction, Criminal, but in so doing the trial judge added a paragraph at the end not presently in the AMCI:

In this connection you are further instructed that, before intoxication would excuse a defendant on this charge, it must not be voluntarily produced for the

purpose of nerving the defendant to carry out a preconceived design, and the intoxication must be so complete, and to the extent that reason is dethroned and the defendant rendered incapable of having a specific intent to commit the offense. Partial intoxication, which merely arouses the passions and influences the mind of the defendant will neither mitigate nor lessen the degree of guilt of either of these offenses, if he still knew right from wrong, the probable consequences and results of his acts, and was capable of the specific intent.

Appellant contends in his brief that the instruction as given "improperly intermingled the specific intent instruction with the affirmative defense instruction." We find no merit in this argument as the comments accompanying AMCI 4001 plainly state that the affirmative defense instruction is to be included between the first and second paragraphs of AMCI 4001 which is how the trial judge combined the two. Appellant also urges that the instruction as given places the burden of *disproving* specific intent on the appellant rather than on the prosecution. However, when the instructions are read as a whole we have concluded that the jury was not misinformed as to where the burden of proof rested. The trial judge instructed on the elements of attempted rape and robbery and gave AMCI 107, which told the jury that the State must prove beyond a reasonable doubt every element of the offenses charged. Furthermore, AMCI 4001 includes a reminder that the burden of proof remained on the State:

Whatever may be your findings as to this defense, you are reminded that the state still has the burden of establishing the guilt of Gaylon Morgan on the whole case beyond a reasonable doubt.

Appellant also points out that the trial judge failed to adhere to the Per Curiam order of January 29, 1979, by modifying an AMCI instruction without stating his reasons. Ordinarily, that requirement applies whenever an AMCI instruction is refused or modified. *Wharton* v. *Bray*, 250 Ark. 127, 464 S.W. 2d 554 (1971); and *Vangilder* v. *Faulk*, 244 Ark.

688, 426 S.W. 2d 821 (1968). Here, however, the comment to AMCI 4005 makes note of the fact that a model instruction has not yet been drafted in conformance with Act 101 of 1977 and in the absence of an applicable AMCI instruction the trial judge is free to give the instruction he thinks proper, using language that is "simple, brief, impartial and free from argument." (See Per Curiam order of January 29, 1979.) The appellant argues correctly that the added wording contains argument and that there was no evidence that appellant drank for the purpose of nerving himself to carry out a preconceived design. However, the objection did not reach these issues and so we do not consider them. *Cotton* v. *State*, 256 Ark. 527, 508 S.W. 2d 738 (1974).

Lastly, appellant tendered two instructions of his own dealing with intoxication. We find no indiscretion in their refusal, as they were covered adequately by the instructions from AMCI. *Fields* v. *State*, 255 Ark. 540, 502 S.W. 2d 480 (1973).

The judgment is affirmed.