Paul Ray JOHNS *v.* STATE of Arkansas

CA CR 82-36                                    637 S.W.2d 623

Court of Appeals of Arkansas
Opinion delivered September 1, 1982

*Dan Stripling,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was convicted by jury verdict of battery in the second degree and sentenced to two years imprisonment. His only point for reversal is that the trial court erred in not giving appellant's requested instruction that voluntary intoxication was a defense to the offense charged. We agree that the requested instruction should have been given.

Appellant was arrested by the Searcy County Sheriff and a deputy for driving while intoxicated. Appellant was placed in the back seat of the sheriff's car but was not searched or handcuffed. While en route to the jail, appellant drew a .22 caliber pistol and threatened to shoot the officers. In the ensuing struggle, the gun discharged, and the sheriff received a burn.

Both the sheriff and the deputy testified that appellant was too intoxicated to drive, but that he was not drunk; the sheriff stated that he did not remember testifying earlier that appellant was too drunk to resist arrest, but admitted that he may have said that. Appellant testified that he was drunk and did not remember the events surrounding his arrest.

Ark. Stat. Ann. § 41-1602 (Repl. 1977) provides that a person commits battery in the second degree if " . . . (c) with the purpose of preventing a law enforcement officer or fireman from acting in the line of duty, he causes physical injury to any person . . . "

Ark. Stat. Ann. § 41-203 (1) defines "purposely" as follows:

A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result.

The instruction requested by appellant would have told the jury that in order for appellant to establish an affirmative defense of intoxication he must prove by a preponderance of the evidence that he was intoxicated, and that as a result of that intoxication the existence of a purposeful mental state was negated. Since the crime of battery in the second degree requires a purposeful mental state, the defense of self-induced intoxication is available to appellant, and the requested instruction correctly states the law.

Under the Arkansas common law, voluntary intoxication was recognized as an affirmative defense when the offense charged required a specific intent. In *Olles and Anderson* v. *State*, 260 Ark. 571, 542 S.W.2d 755 (1976), the voluntary intoxication of one of the defendants was raised as an affirmative defense to a prosecution for burglary and larceny. The Arkansas Supreme court in that case stated:

> Of course, voluntary intoxication is not a defense, even though it may produce a form of 'temporary insanity' or render the person charged unconscious of what he is doing. *Robertson* v. *State*, 212 Ark. 301, 206 S.W.2d 748; *Wood* v. *State*, 34 Ark. 341. Still, when an offense can be committed only by doing a particular thing with a specific intent, it may be shown that an accused was so drunk at the time of the crime that he could not have entertained or formed the necessary intent, but the determination of whether there was that degree of intoxication is solely within the province of the jury. *Stevens* v. *State*, 246 Ark. 1200, 441 S.W.2d 451.

At the time of the criminal code revisions, § 207 of Act 280 of the Acts of Arkansas for 1975, codified as Ark. Stat. Ann. § 41-207, provided:

> Self-induced intoxication is an affirmative defense to a prosecution if it negates the existence of a purposeful or knowing mental state.

This paragraph was deleted by the Legislature by Act 101 of the Acts of Arkansas for 1977. The issue was then presented whether the common law was reinstated. In

*Varnedare* v. *State*, 264 Ark. 596, 573 S.W.2d 57 (1978), this issue was decided. The Arkansas Supreme Court held that voluntary intoxication remained a defense to specific intent crimes where the intoxication negated the required intent. The court held that by removing self-induced intoxication as a statutory defense, the legislature, in effect, reinstated any prior Arkansas common law on the subject.

In *Ellis* v. *State*, 267 Ark. 690, 690 S.W.2d 309 (Ark. App. 1979), the Arkansas Court of Appeals also recognized that the common law had been reinstated. This court, in *Ellis*, recognized that while self-induced intoxication appears to remain a common law defense to a crime in which an essential element is that the act be done knowingly or purposely, the defendant has the burden of establishing the defense by a preponderance of the evidence. The court held that since appellant offered an instruction which contained no provision as to the burden of proof and the instruction had no provision that defendant must be so intoxicated at the time of the act that he was incapable of acting purposefully, it was not error for the trial judge to refuse to give the instruction.

In order to be found guilty of battery in the second degree, it was necessary for appellant to be adjudged capable of forming a purpose to prevent an officer from acting in the line of duty. It was undisputed that appellant was intoxicated, and the determination whether the appellant was in such a state of intoxication as to render him incapable of forming such a purpose is solely within the province of the jury.

The judgment of the trial court is reversed and the case is remanded for a new trial.