Michael Jo ROBINSON *v.* STATE of Arkansas

CA CR 83-161                                    664 S.W.2d 905

Court of Appeals of Arkansas
Division I
Opinion delivered February 29, 1984

*William R. Simpson, Jr.,* Public Defender, by: *Arthur L. Allen,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. In this criminal case, appellant's sole point for reversal is the failure of the evidence to support his conviction of second degree forgery, for which he was sentenced to five years in the Department of Correction. The second degree forgery charge against appellant was based on a check made payable to a Safeway grocery store. The unauthorized check in the amount of $65.00 was drawn on the account of Mary E. Evans. The crux of appellant's argument is the lack of evidence that he ever possessed or passed this forged check. Therefore, he concludes the trial court based its finding of guilt upon mere speculation and conjecture. We disagree.

Appellant reads the applicable law much too narrowly. One commits forgery in the second degree if he forges a written instrument that is a check. *See* Ark. Stat. Ann. § 41-2302(3)(a) (Repl. 1977); and *Mayes* v. *State,* 264 Ark. 283, 571 S.W.2d 420 (1978). A person forges a written instrument if with purpose to defraud, he draws, makes, completes, alters, counterfeits, possesses *or* utters any written instrument that purports to be or is calculated to become, or to represent if completed, the act of a person who did not authorize the act. Ark. Stat. Ann. § 41-2302(1) (Repl. 1977). Any of the acts set forth in § 41-2302(1) constitutes the single crime of forgery. *See Mayes,* 246 Ark. at 290, 571 S.W.2d at 424-25.

From our review of the record, we believe the evidence,

albeit circumstantial, unquestionably established the appellant forged the Evans check. The evidence is undisputed that the check in issue was unauthorized and that someone uttered it at a Safeway store; thus, the purpose to defraud Safeway was shown by the State. The State introduced into evidence the check that has the appellant's name on the back as the endorser. The State's witness, Larry Gaines, then testified that he had either given this Evans check to the appellant or the appellant "got it on his own." Gaines explained that he had hidden a book of the Evans checks in his apartment where the appellant stayed. Gaines, a convicted forger, admitted that he had signed and otherwise completed the check in question with the exception of endorsing the appellant's name on the back and making the check payable to Safeway. Ms. Linda Taylor, an examiner of questionable documents for the State Crime Lab, testified that the appellant wrote the word "Safeway" on the payee line of the check and that he wrote his name on the back.

The appellant did not testify, and the foregoing evidence stands otherwise uncontradicted. Viewing that evidence in the light most favorable to the appellee, we believe the State met its burden and proved each element of the crime of second degree forgery. In sum, the State's evidence, reasonably and inferentially, showed that the appellant made, completed and possessed the Evans check which was fraudulently cashed at Safeway. Furthermore, because the evidence indicates the appellant made the check payable to Safeway and endorsed it, we believe it was reasonable for the trial court to infer that he uttered or caused the check to be uttered to defraud Safeway. Therefore, we affirm the trial court's decision.

Affirmed.

CLONINGER and CORBIN, JJ., agree.