Lawrence GONCE *v.* STATE of Arkansas

CA CR 83-186                    669 S.W.2d 490

Court of Appeals of Arkansas
Division I
Opinion delivered May 23, 1984

*Davis & Bracey, P.A.,* by: *Charles E. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda West Vanderbilt,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant appeals from his second degree forgery conviction for which he was sentenced to eight years in prison with four years suspended. He raises two points for reversal: (1) that the trial court erred in ruling that voluntary intoxication is a mitigating factor in setting punishment instead of a complete defense, and (2) that substantial evidence was not presented to show he had the requisite purposeful state of mind to commit forgery.

Appellant's case was tried to the trial court, and he bases his first contention on remarks made by the judge at the trial's conclusion. The judge said, in part, that appellant had "about a three-week drunk coming down," but he added that was "not a legal excuse and not justification. I do think it had some effect on mitigating or explaining the circumstances that went along with it." Appellant argues the trial judge's findings are contrary to the appellate court decisions in *Varnedare* v. *State,* 264 Ark. 596, 573 S.W.2d 57 (1978), and *Johns* v. *State,* 6 Ark. App. 74, 637 S.W.2d 623 (1982), wherein the Supreme Court and Court of Appeals held that voluntary intoxication is a defense to specific intent crimes when the intoxication negates the required intent. Of course, our Court, quoting from *Olles and Anderson* v. *State,* 260 Ark. 571, 542 S.W.2d 755 (1976), recognized that except in cases involving specific intent crimes, voluntary intoxication is not a defense, even though it may produce a form of "temporary insanity" or render the person charged unconscious of what he is doing. *Johns* v. *State* at 76, 637 S.W.2d at 624.

In the instant case, appellant was charged with and convicted of forgery — a crime which requires a "purposeful" mental state. *See* Ark. Stat. Ann. § 41-2302 (Repl. 1977). The Arkansas Criminal Code defines "purposely" as follows:

> A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result.

Ark. Stat. Ann. § 41-203(1) (Repl. 1977).

Thus, in establishing his defense of intoxication, appellant was required to prove by a preponderance of the evidence that he could not have entertained or formed the necessary intent or purposeful mental state to commit forgery. *See Johns* v. *State, supra.* He simply failed to sustain that burden, and the trial judge so found. In this respect, the judge said:

> Gentlemen, in reviewing the testimony and evidence presented here and the items that have been received into evidence, I think it is relatively clear to the Court that the Defendant passed the check that was forged. The issue is whether or not he knew it was forged at the time, knew it was bad. I think reviewing the evidence as a whole, it is likewise *relatively clear Mr. Gonce knew he was fooling here with something that wasn't any good, and in all likelihood, it was forged.* (Emphasis supplied.)

The evidence, including appellant's own testimony, clearly supports the finding that the appellant knew the check he uttered was forged. Appellant testified that he knew the woman who gave him the check was named April, yet she wrote a check payable to appellant for $168.50 and signed it "Veta Long." He recalled that after receiving the check, he waited a day or two before he attempted to negotiate it. At that time, he and April drove to Springdale, Arkansas, to get some liquor and unsuccessfully attempted to cash the check at three different businesses. Appellant

indicated that he then waited two days before he successfully negotiated the check at a liquor store. Appellant also testified on cross-examination that he suspected the check was forged *before* he cashed it, although on direct examination he denied any such suspicion. Throughout his testimony, appellant made no effort or attempt to mask his detailed knowledge of the events leading to his negotiating the forged check. In sum, appellant's testimony and recollection of the circumstances surrounding the crime substantiates the judge's conclusion that the appellant was aware the check he cashed was forged.

We are cognizant of that part of appellant's argument that challenges the judge's reference to intoxication as a "mitigating" circumstance. While we may agree such reference was erroneous, we cannot agree it was sufficient to reverse this cause in view of the clear, factual findings made by the judge. In other words, even if a trial judge gives the wrong reason for a ruling, we will not reverse if the ruling was right. *Chisum* v. *State*, 273 Ark. 1, 616 S.W.2d 728 (1981); *Keith* v. *Freeman*, 43 Ark. 296 (1884).

Our disposition of appellant's first contention essentially resolves his second argument as well. In this regard, he contends the evidence was insufficient to show that he had the requisite purposeful state of mind to commit forgery. One commits forgery in the second degree if he forges a written instrument that is a check. *See* Ark. Stat. Ann. § 41-2302(3)(a) (Repl. 1977); *Mayes* v. *State,* 264 Ark. 283, 571 S.W.2d 420 (1978); and *Robinson* v. *State,* 10 Ark. App. 441, 664 S.W.2d 905 (1984). A person forges a written instrument if with purpose to defraud, he draws, makes, completes, alters, counterfeits, possesses *or* utters any written instrument that purports to be or is calculated to become, or to represent if completed, the act of a person who did not authorize that act. Ark. Stat. Ann. § 41-2302(1) (Repl. 1977).

We already have discussed the evidence presented to the trial court that supports appellant's conviction. We have reviewed that evidence in the light most favorable to the appellee, and suffice it to say, we believe it is sufficient to

282

sustain a conviction of forgery.

Affirmed.

CORBIN, J., agrees.

MAYFIELD, C.J., concurs.