Harvey Norman BEASLEY *v.* STATE of Arkansas

CA CR 89-56                               777 S.W.2d 865

Court of Appeals of Arkansas
Division II
Opinion delivered October 18, 1989

*Bill W. Bristow, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Greene County Circuit Court. Appellant, Harvey Norman Beasley, appeals from a judgment entered upon a jury verdict finding him guilty of being a felon in possession of a firearm, a violation of Arkansas Code Annotated Section 5-73-103 (Supp. 1987) and the sentence and fine imposed therefor. We reverse and remand.

Appellant was charged by information on February 19, 1988, with rape, theft by receiving, two counts of battery, and

with being a felon in possession of a firearm. The information was amended on November 21, 1988, charging appellant as per the original information, and alleging in addition thereto, that the defendant is a habitual criminal, this being his third or subsequent offense under the Arkansas Habitual Offender Law. Prior to trial, all charges except the latter were nolle prossed. The felon in possession of a firearm charge was tried to a jury which found appellant guilty and sentenced him to two and one-half years imprisonment and a $5,000.00 fine. From the judgment comes this appeal.

For reversal, appellant raises the following two points: 1) The circuit court erred in failing to suppress the evidence obtained in the search because the search exceeded the scope of any consent; 2) the circuit court erred in instructing the jury by going beyond the AMCI definition and commenting on the evidence.

We find that appellant's second argument warrants reversal. Because we find error on this point which requires that the case be remanded for a new trial, we will not address appellant's first point for reversal. The following standard AMCI instruction 3103 was given to the jury regarding the offense with which appellant was charged:

> Harvey Norman Beasley is charged with the offense of possession of a firearm. To sustain this charge, the State must prove the following things beyond a reasonable doubt:
>
> First: that Harvey Norman Beasley has been convicted of a felony; and,
>
> Second: that he possessed or owned a firearm.

The court added to this standard AMCI instruction the state's proffered modification which included the addition of two definitions. In issue is the following definition:

> "Possess" means to exercise actual dominion, control or management over a tangible object. Neither actual physical possession nor ownership is necessary for a conviction of possession of a firearm. Possession may be imputed when the contraband is found in a place which is immediately

and exclusively subject to his dominion and control.

Appellant argues that all language following the first sentence in the above definition is improper and exceeds the bounds of the AMCI instruction and essentially amounts to a comment on the evidence. Appellant testified in pertinent part that the guns confiscated in the search of his home and vehicle were not his property. He testified that the guns were the property of various friends who used his dogs and hunted on his land. Appellant presented the testimony of four individuals who collectively corroborated his testimony and identified the various guns seized in the search as being their property.

It is well settled that the trial court is not to modify an AMCI instruction unless it is clear that, in a given case, the instruction incorrectly applies the law to the facts. *Meador* v. *State*, 10 Ark. App. 325, 664 S.W.2d 878 (1984). Furthermore, a trial judge must ordinarily state his reasons when he modifies an AMCI instruction; however, when he does modify he is to use simple, brief, and impartial language which is free from argument. *Morgan* v. *State*, 273 Ark. 252, 618 S.W.2d 161 (1981).

In view of the above testimony, we find that the modified portion of the instruction telling the jury that actual ownership was not necessary to convict appellant on the possession of firearm charge was prejudicial and warrants reversal. Therefore, we cannot say with confidence that the jury was not influenced by the erroneous instruction. Furthermore, it is not clear that the standard instruction set out above incorrectly applied the law to the facts, which would be the necessary prerequisite for allowing the modification. The judge did not state his reasons for allowing the modification and the instruction, as modified, did not contain simple and impartial language. For the foregoing reasons, we find the modification was prejudicial to appellant and the court erred in accepting the state's proffer over appellant's objections.

Reversed and remanded.

JENNINGS and MAYFIELD, JJ., agree.